# Exhibit A

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| 2999TC ACQUISITIONS, LLC, | § | CASE NO. 21-31954-hdh |
| | § | |
| Debtor. | § | Chapter 11 |

### ORDER GRANTING HNGH TURTLE CREEK, LLC'S MOTION TO ENFORCE AGREED ORDERS

  CAME ON FOR CONSIDERATION BY THE COURT the *Motion to Enforce Agreed Orders* (the "**Motion**") filed on June 3, 2022 by HNGH Turtle Creek, LLC ("**HNGH**"), and the Court, having reviewed all pleadings and orders in this case, including the Debtor's *Emergency Motion to Extend Time and Motion to Compel* [Dkt. Nos. 128 and 129], and the Debtor's *Notice of Withdrawal of Emergency Motion to Extend Time and Motion to Compel* [Dkt No. 133], the pleadings and orders in Adversary Proceeding No. 21-03085, evidence presented, and the arguments of counsel, and having found

  WHEREAS the Debtor and HNGH are parties to an *Agreed Order Regarding Motion to Lift Stay [Doc. 10], Motion to Dismiss [Doc. 9], Motion for Sanctions [Doc. 15], and Motion to Enforce Stay [Doc. 14]* (the "**First Agreed Order**") [Doc. 64] which resolved make-or-break contested matters pending before this Court. And

  WHEREAS the Debtor, HNGH, Tim Barton and other entities are parties to that certain *Stipulation* [Dkt. No. 91] (the "**Stipulation**") and *Agreed Order Modifying Order on Motion to Dismiss and for Relief from Stay* [Dkt No. 94] (the "**Second Agreed Order**" and with the First Agreed Order, the "**Agreed Orders**") and *Agreed Order of Judgment and Dismissal of Adversary Proceeding with Prejudice to Refiling*

(the **"Adversary Judgment"**) which were negotiated and agreed to in good faith, and which are enforceable pursuant to their express terms.  And

WHEREAS the Debtor failed to pay or cause the Payoff Amount to be paid to HNGH by the Payoff Deadline.  Accordingly, a Default has occurred under the Agreed Orders.  And

WHEREAS the Deed-in-Lieu (as defined in the Agreed Orders) is hereby deemed a valid, unavoidable pre-petition transfer agreed to by the Debtor and the Debtor is hereby be deemed to have waived any right to challenge, seek to avoid, or otherwise contest the validity of the transfer of the Property to HNGH through the Deed-in-Lieu.  And

WHEREAS the releases, waivers, and indemnification obligations provided by the Barton Parties and others in the Stipulation, Second Agreed Order, and Adversary Judgment are binding and enforceable.  And

WHEREAS as a result of the Debtor's Default and the aforementioned releases, waivers, and indemnification obligations, none of the Barton Parties identified in the Second Agreed Order or similarly described in the Adversary Judgment shall have any lien, claim, encumbrance, or cloud on title against the Property. And

WHEREAS, should any of the Barton Parties identified in the Second Agreed Order or Adversary Judgment assert such a claim against the Property or HNGH or any of the HNGH Parties, this Court finds good cause that such party should be sanctioned this Court for violating this Court's orders. IT IS HEREBY:

ORDERED, ADJUDGED AND DECREED that HNGH's Motion is GRANTED.  It is further

ORDERED, ADJUDGED AND DECREED that the Deed-in-Lieu was a valid conveyance, and that HNGH is the owner of the Property pursuant to that Special Warranty Deed recorded as Instrument Number 202100327172 in real property records of Dallas County, Texas on or about November 1, 2021.  It is further

ORDERED, ADJUDGED and DECREED that the Debtor shall have no further right, title, or interest in the Property, nor any lien, claim, encumbrance, or cloud on title against the Property. The Debtor shall have seven (7) days from the entry of this Order to remove its Lis Pendens, Instrument Number 202100333511, from the Property.  If the Debtor fails to timely remove its Lis Pendens and all other clouds on title against the Property by that time, the Debtor shall be required to show cause why it should not be held in contempt of court and sanctioned.  It is further

ORDERED, ADJUDGED AND DECREED that if the Debtor re-files or otherwise seeks to adjudicate the Extension Motions against HNGH, the Debtor and its counsel, Joyce Lindauer and Khudabuksh Walji, will be required to show cause why they should not be sanctioned.  It is further

ORDERED, ADJUDGED AND DECREED that the Barton Parties shall indemnify the HNGH Parties (as defined in the Second Agreed Order) for any expenses incurred in any litigation asserted by or on behalf of any Barton Party against any HNGH Party in any possible way relating to the Property, the Loan Documents, or any other corresponding matter, now or in the future, as set

forth in the Second Agreed Order and in this Order. It is further

ORDERED, ADJUDGED AND DECREED that when the Debtor removes its Lis Pendens against the Property, at which time the Debtor shall provide notice to HNGH that the Debtor has done so, HNGH shall release Timothy Barton from his Guaranty and shall dismiss the personal guaranty case with prejudice. It is further

ORDERED, ADJUDGED AND DECREED that the terms and conditions of this Order shall be effective and enforceable immediately upon its entry. It is further

ORDERED, ADJUDGED AND DECREED that this Court shall retain jurisdiction over all matters pertaining to this Order.

# # # END OF ORDER # # #