John J. Kane (SBN 24066794)
S. Kyle Woodard (SBN 24102661)
**KANE RUSSELL COLEMAN LOGAN PC**
901 Main Street, Suite 5200
Dallas, Texas 75202
Tel.: (214) 777-4200
Fax: (214) 777-4299
Email: jkane@krcl.com
Email: kwoodard@krcl.com

***Counsel for HNGH Turtle Creek, LLC***

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **In re:** | § | |
| | § | |
| **2999TC ACQUISITIONS, LLC,** | § | **Case No. 221-31954-swe11** |
| | § | |
| **Debtor.** | § | **Chapter 11** |

**HNGH TURTLE CREEK, LLC'S OBJECTION TO REORGANIZED DEBTOR'S MOTION PURSUANT TO SECTIONS 1142 AND 105(A) OF THE BANKRUPTCY CODE TO (I) ENFORCE, (II) CLARIFY, MODIFY AND/OR AMEND AGREED ORDERS AND PLAN CONFIRMATION ORDER, AND (III) DIRECT THE EXECUTION AND DELIVERY OF INSTRUMENTS NECESSARY TO TRANSFER PROPERTY DEALT WITH BY THE CONFIRMED PLAN**

**[Relates to Docket No. 173]**

HNGH Turtle Creek, LLC ("**HNGH**") files this *Objection* (the "**Objection**") to the *Reorganized Debtor's Motion Pursuant to Sections 1142 and 105(a) of the Bankruptcy Code to (I) Enforce, (II) Clarify, Modify and/or Amend Agreed Orders and Plan Confirmation Order, and (III) Direct the Execution and Delivery of Instruments Necessary to Transfer Property Dealt with By the Confirmed Plan* [Dkt. No. 173] (the "**Motion to Clarify and Enforce**" or "**Motion**") and, in support hereof, respectfully states as follows::

## SUMMARY OF OBJECTION

1. 2999TC Acquisitions, LLC (the "**Debtor**") seeks to materially modify the terms of its *Third Amended Plan of Reorganization* [Dkt. #108] (the "**Plan**"); the Court's *Order Confirming Debtor's Third*

*Amended of Reorganization* [Dkt. No. 123] (the "**Confirmation Order**"); the *Agreed Order Regarding Motion to Lift Stay [Doc. 10] Motion to Dismiss [Doc. 9], Motion for Sanctions [Doc. 15] and Motion to Enforce Stay [Doc. 14]* dated December 10, 2021 [Dkt, No. 64] (the "**December Agreed Order**"); and the *Agreed Order Modifying Order on Motion to Dismiss and For Relief From Stay* dated March 17, 2022 [Dkt. No. 94] (the "**March Agreed Order**") (collectively, the "**Agreed Orders**"). The Debtor seeks to modify those documents to the detriment of its largest creditor, HNGH. The proposed modifications do far more than "supplement and clarify" those documents, as the Debtor suggests, and instead re-write multiple orders entered by this Court and previously agreed to by the Debtor.

2. The Debtor's Motion is but another ploy by the Debtor to renege on its agreements with HNGH and avoid the consequences of this Court's express orders. For the reasons detailed herein, the Court should deny the Debtor's Motion.

## BACKGROUND

3. The Debtor filed this case on October 29, 2021 (the "**Petition Date**"). In the months following the Petition Date, the Debtor and HNGH entered into the Agreed Orders. Both of the Agreed Orders are incorporated into and made part of the Plan. *See* PLAN § 2.01. The Agreed Orders control if there is any conflict with the Plan. *Id.*

4. The Court entered the Confirmation Order confirming the Plan on May 18, 2022. The Plan became effective on or about May 21, 2022. *See* Plan, p. 4 ("'**Effective Date**' means the third day after the Confirmation Date.").

## OBJECTIONS TO MOTION

5. The Debtor seeks to modify the Plan and Agreed Orders by adding new terms that would cause HNGH to: (i) extend the Payoff Deadline; (ii) not alter the Payoff Amount; (iii) execute documents of the Debtor's choosing, despite any comments or revisions HNGH might reasonably require; and (iv) provide the Debtor yet another maturity date extension during this Bankruptcy Case.

### A. RULE 60(B)

6. The Debtor seeks to modify the Agreed Orders pursuant to Rule 60(b) in order to resolve what the Debtor describes as a "clerical mistake." Clerical mistakes may only be resolved by Rule 60(a). Where the purported mistake affects the substantive rights of the parties, it is not clerical in nature, and may not be remedied under Rule 60(a). *Jones v. Anderson-Tully Co.*, 722 F.2d 211, 212-13 (5th Cir. 1984). Here, the Debtor would have the Court substantively re-write multiple orders to extend deadlines and force HNGH to execute documents beyond the Debtor's Payoff Deadline. That requested relief clearly affects the substantive rights of the Debtor and HNGH, and would require the Debtor to move for relief and show, by a preponderance of evidence, that it is entitled to relief under one of the subsections of Rule 60(b), which it has not done.

### B. SECTION 1127(B)

7. HNGH addresses the Debtor's arguments seeking modification of the Plan in its *Objection to Reorganized Debtor's Motion to Modify Third Amended Plan of Reorganization and Plan Confirmation Order* [Dkt. No. 247]. HNGH incorporates herein the arguments set forth in that objection.

### C. SECTION 105(A)

8. While this Court does have broad authority to exercise its equitable powers to ensure the implementation of its orders, it cannot violate express statutes of the Bankruptcy Code. The Debtor's efforts to modify the Plan and Confirmation Order are governed by section 127(b) of the Bankruptcy Code. This Court cannot, therefore, modify the Plan and Confirmation Order under section 105(a) if doing so would result in an adverse modification of the Plan with respect to HNGH.

9. HNGH further argues that the Debtor's requested relief would be inequitable in that it would reward the Debtor for breaching yet another maturity date obligation. The Debtor has now failed to perform at two maturity dates and two Payoff Deadlines. It should not benefit from its transgressions.

## D. SECTION 1142 – CONSUMMATION OF THE PLAN

10. The Debtor's section 1142 argument fails because the Plan terms are superseded by the Agreed Orders. The Agreed Orders hold that if the Debtor failed to satisfy the Payoff Amount by the Payoff Deadline, then HNGH would own the Property and the Debtor would have no further opportunity to reinstate and payoff the Note to recover the Property. The Agreed Orders were incorporated into the Plan, and the Debtor failed to perform. Plan, §§ 2.01, 6.01. Upon failure of performance, HNGH was entitled—under the Agreed Orders and Plan—to exercise all rights to the Property. *Id.* Section 1142 of the Bankruptcy Code addresses implementation of a Plan, and not modification. The Payoff Deadline has expired. A request under section 1142 would not alter, amend, or modify any of the Court's Agreed Orders, even if incorporated into the Plan.

11. A plan of reorganization cannot be modified after confirmation if the modification materially or adversely impacts the rights of creditors under the Plan. MOTION ¶ 3; *In re U.S. Brass Corp.*, 301 F.3d 296, 307-08 (5th Cir. 2002) ("To substitute arbitration for litigation at this point would alter the bargain the Insurers secured in exchange for their approval of the plan—in violation of § 1127(b)."). This well-established principle is indeed incorporated directly into section 11.01 of the Plan, which states in relevant part that:

> After Confirmation, the Reorganized Debtor may, with approval of the Court and ***so long as it does not materially or adversely affect the interest of creditors***, modify to remedy any defect or omission or reconcile any inconsistencies in the Confirmation Order in such manner as may be necessary to carry out the purposes and effect of this Plan.

PLAN § 11.01 (emphasis added). Additionally, the Plan does not contemplate *any* modifications after the Effective Date, as shown in section 3.03, which provides only for modifications to be made "after Confirmation and before the Effective Date…." PLAN § 3.03.

12. The Debtor's proposed Plan modifications have the effect of directly unwinding the express agreement between HNGH and the Debtor as to the treatment of its Class 2 Secured Claims

under the Plan, and as set forth in Section 6.01 of the Plan. Rather than accept the consequences of its own agreements, the Debtor seeks to "implement" the Plan by materially changing the terms of the Agreed Orders. Those proposed "implementations" are really modifications which are, without question, impermissible under section 1127(b) of the Bankruptcy Code and the Fifth Circuit's binding precedent, because the modifications materially and adversely alter HNGH's rights under the Plan. 11 U.S.C. § 1127(b); *In re U.S. Brass Corp.*, 301 F.3d at 307-08.

13. For the foregoing reasons, the Debtor's Motion should be denied.

**PRAYER**

**WHEREFORE**, for the reasons stated herein, HNGH respectfully requests that this Court deny the Debtor's Motion.

DATED: July 11, 2022

Respectfully submitted,

**KANE RUSSELL COLEMAN LOGAN PC**

By: */s/ John J. Kane*
**John J. Kane**
State Bar No. 24066794
**S. Kyle Woodard**
State Bar No. 24102661
Bank of America Plaza
901 Main Street, Suite 5200
Dallas, Texas 75202
Tel.: (214) 777-4200
Fax: (214) 777-4299
Email: jkane@krcl.com
Email: kwoodard@krcl.com

***Counsel for HNGH Turtle Creek, LLC***

## CERTIFICATE OF SERVICE

I hereby certify that on July 11, 2022, a true and correct copy of the foregoing document was filed with the Court and served via the Court's electronic case filing system (ECF) upon all parties receiving such electronic service in this proceeding.

*/s/ John J. Kane*
John J. Kane