# 2999TC Acquisitions, LLC – Enforcement of Agreed Orders

**Hearing on HNGH Turtle Creek, LLC's Motion to Enforce Agreed Orders**

21-bk-31954-swe11

John J. Kane
Kane Russell Coleman Logan PC

KRCL

# CLOSING ARGUMENT

- Why Are We Here?
- Relief Requested – Enforcement of Orders
- The Debtor's Arguments
- The Timeline
- The Facts
- The Red Herrings
- The Court Should Grant HNGH's Motion to Enforce

## Why Are We Here

- Agreed Self Executing Order:
  - Dec. 10 Agreed Order
    - Upon the occurrence of a Default, unless waived in writing by HNGH, the Deed-in-Lieu shall be deemed a valid, unavoidable pre-petition transfer agreed to by the Debtor and Debtor shall be deemed to have waived any right to challenge, seek to avoid, or otherwise contest the validity of the transfer of the Property to HNGH through the Deed-in-Lieu a detailed in HNGH's Motion to Dismiss and to Lift Stay…
    - *Exhibit 8* – First Agreed Order [Dkt. 64]

## Why Are We Here

- One Step Further:
  - Agreed Order of Judgment and Dismissal of Adversary Proceeding:
    - Debtor defaulted on its Maturity Date payment obligation
    - HNGH properly exercised right to file Deed-in-Lieu
    - Debtor's Avoidance Action dismissed with prejudice
    - Debtor waives all claims it could have asserted, and claims re loan docs, interaction between parties
    - *Exhibit 7* – [Adv. Dkt. 15]

## Why Are We Here

- Two Steps Further:
  - Stipulation – Debtor, Barton, Barton Parties:
    - Debtor has to close to salvage any ownership of Property
    - Deadline to May 30, 2022
    - Debtor, Barton, Barton Parties release all claims:
      - Known or unknown, now or in future
      - Any way related to Property, Loan Docs, any related matter
    - *Exhibit 15* – [Dkt. 91]

## Why Are We Here

- Three Steps Further:
  - March 17 Agreed Order:
    - Deadline to May 30, 2022
    - Debtor, Barton, Barton Parties release all claims:
      - Known or unknown, now or in future
      - Any way related to Property, Loan Docs, any related matter
    - Debtor, Barton, Barton Parties indemnify HNGH
    - *Exhibit 16* – [Dkt. 94]

## Why Are We Here

- Orders Clear:
  - Satisfy Payoff Amount
    - Debtor gets back title to Property
  - Fail to Satisfy Payoff Amount
    - HNGH retains ownership
    - Debtor has no further chances


## Why Are We Here


- So Really, Why Are We Here?

## Why Are We Here

- Even Despite Self Executing Order:
  - Default
  - Blame Game
  - Vexatious Litigation
  - Deluge of Motions
  - Bad Faith Road Blocks
  - Disregard for Prior Court Orders

## Why Are We Here

- Even Despite Self Executing Order:
  - HNGH seeks Court protection from litigious Debtor
  - HNGH wants Court to see facts of “closing”
  - HNGH wants Court to enforce prior orders

## Relief Requested – Enforcement of Orders

- HNGH Motion to Enforce:
  - Enforcement of Adversary Judgment
  - Enforcement of Stipulation
  - Enforcement of December 10 Agreed Order
  - Enforcement of March 17 Agreed Order modifying Dec. 10 Order

## Relief Requested – Enforcement of Orders

- HNGH Motion to Enforce – Not Seeking New Awards
  - Deed-in-Lieu is valid conveyance – Agreed Adv. Jdgt.
  - Release of Lis Pendens – Agreed Adv. Jdgt.
  - No further claim against Property – Agreed Adv. Jdgt., Stip., Mod. Agreed Order
  - Show Cause – Agreed Adv. Jdgt., Stip., Mod. Agreed Order
  - Indemnification – Stip., Mod. Agreed Order

## Relief Requested – Enforcement of Orders

- HNGH Motion to Enforce – Not Seeking New Awards
  - Show Cause – Not injunctive relief
    - Would require releasing parties to show cause why such claims were appropriate
      - Given pre-existing releases, waivers, orders, no injunction here.
      - Further, court hast 105(a) statutory authority, and inherent authority, to enforce orders and ensure orderly process, which includes issuance of sanctions and civil contempt

## Relief Requested – Enforcement of Orders

- Debtor's Bankruptcy Rule 7001 Arguments Fail
  - No new adversary proceeding required
  - Adversary proceeding already adjudicated claims to final judgment
  - Waivers and releases in Agreed Orders are enforceable
  - Court has broad power under 105(a) to enforce prior order
      - *HNGH Reply [Dkt. 199]*

## Relief Requested – Enforcement of Orders

- Debtor's Bankruptcy Rule 7001 Arguments Fail
  - Court has broad power under 105(a) to enforce prior order
    - *See Burd v. Walters (In re Walters),* 868 F.2d 665, 669 (4th Cir. 1989); *In re Rimsat, Ltd.,* 212 F.3d 1039, 1048-49 (7th Cir. 2000) *(citing Chambers v. NASCO, Inc.*, 501 U.S. 32, 50 (1991)).
  - Court can issue sanctions, grant costs, fees in Contested Matter
    - *In re Berry,* 582 B.R. 886, 892-93 (Bankr. D. S.C. 2018) (enforcing plan); *In re Direct Media Power, Inc.*, 582 B.R. 739, 750 (Bankr. N.D. Ill. 2018) (post-conf. cash collateral)
  - Contempt and sanctions are within statutory and inherent power of BK Courts
    - *Marrama v. Citizens Bank of Mass.*, 549 U.S. 365, 375-376 (2007); *Jove Engineering, Inc. v. I.R.S.*, 92 F.3d 1539, 1554 (11th Cir. 1996).

## The Debtor's Arguments

- Debtor Argues Payoff Deadline should be extended:
  - Note this is not "Debtor obtains title"
  - Debtor argues performance excused because:
    - HNGH didn't have executed Rescission Deed on December 11
    - HNGH didn't deliver to Title Co all Schedule C Docs
    - HNGH didn't deliver to Title Co or Debtor all May 30 List Docs
    - Happy State Bank was insurmountable roadblock; and

## The Debtor's Arguments

- Debtor's Payoff Deadline should be extended:
  - Debtor argues performance excused because:
    - Debtor satisfied all of its closing obligations
    - Debtor "had secured funding and was preparing to make the Final Payoff" but for HNGH

## The Debtor's Arguments

- Debtor's Arguments are Not Supported by Facts, Timeline:
  - Timeline shows inaccuracy of Debtor positions
  - Logic handles rest
    - Christensen: Draft Rescission Deed prepared in January
    - Christensen: Not circulated before May 12 because no closing
      - Debtor ignores causal reality
      - Rescission deed not being executed before May 27 not cause of non-payment
      - Debtor rejected Rescission Deed – will return to this point

## TIMELINE

- September 20, 2019 – Note date
- February 1, 2020 – **Default** – property taxes
- *April 20, 2020 – Lawsuit – Debtor state court suit*
- June 1, 2020 – **Default** – partial interest payment
- July 1, 2020 – **Default** – interest payment
- August 1, 2020 – **Default** – interest payment
- September 1, 2020 – **Default** – interest payment
- October 1, 2020 – **Default** – maturity date
- *October 22, 2020 – Lawsuit – Debtor federal court suit*

## TIMELINE

- February, 2021 – HNGH and Debtor Tall Ship Negotiations
- March 1, 2021 – Forbearance Agreement
- July 30, 2021 – Initial Forbearance Maturity Date
- October, 2021 – Debtor begins discussions with takeout banks
- October 29, 2021 – **Default** – Maturity Date payment
- October 29, 2021 – HNGH files Deed-in-Lieu
- *October 29, 2021 – Bankruptcy – Petition Date*
- *November 11, 2021 – Lawsuit – Debtor adversary proceeding*

## TIMELINE

- December 10, 2021– Agreed Order – Dkt 64.
- March 11, 2022 – Status conference – No closing possible
- *March 14, 2022 – Debtor Emergency Motion to Extend*
- March 15, 2022 – **Default** – Payoff Deadline – Waived
- March 15, 2022 – Stipulation – Waivers, releases, extend
- March 17, 2022 – Modifying Order – Waivers, releases, extend
- March 18, 2022 – Adversary Judgment – Dismissal with prej.

## TIMELINE

- April 24, 2022 – Debtor seeks fast plan conf., HNGH supports
- April 29, 2022 – HNGH provides Payoff Amount to Debtor
- May 10, 2022 – Debtor confirms Plan
- May 10, 2022 – Walji and Lyssy request 3 docs – Ex. 24
- May 10, 2022 – HNGH provides Sendera its Payoff Amount
- May 12, 2022 – HNGH provides Debtor draft Rescission Deed
    - *Ex. 31, 31a…Debtor provides no comments to Rescission Deed at any time prior to May 30, 2020*
- May 16, 2022 – HNGH seeks status call about possible closing
    - *Ex. 45, 48*

# TIMELINE

- May 18, 2022 – HNGH seeks status of closing docs, checklist
  - *Ex. 48*

**John J. Kane**

| | |
|---|---|
| **From:** | John J. Kane |
| **Sent:** | Wednesday, May 18, 2022 3:59 PM |
| **To:** | k.walji@waljilaw.com; 'Joyce Lindauer' |
| **Subject:** | Status Update Call |

Can we have a conference call tomorrow at 10:00 or 11:00 CT to discuss where things stand? Will we get draft documents for a closing soon? May 30 falls on a holiday weekend so I am concerned about funding on that date. I'd like to discuss timing, counterparties, closing checklist items, and how likely a closing is at this point.

# TIMELINE

- May 20, 2022 – Status call re Closing – HSB discussion
- May 20-21, 2022 – HNGH facilitates Fleeger/HSB discussions
  - *Ex. 51-53 – HNGH clears conflicts for new equity partners*
- May 24, 2022 – Sendera follows up re HSB, Axos, Sched. C
  - *Ex. 33, 33a – Directly contradicts Walji statements re timing of Debtor's knowledge of HSB matters*
- May 24, 2022 – HNGH counsel discuss HSB, closing issues
  - *Ex. 34 – Evidences good faith efforts of HNGH counsel*
- May 26, 2022 – HNGH coordinates with Sendera, Debtor re HSB
  - *Ex. 35 – Directly contradicts Walji statements re timing of Debtor's knowledge of HSB matters*

## TIMELINE

- May 26, 2022 – HNGH coordinates with HSB re release
  - *Ex. 54, 54a*
- May 27, 2022 – Status call re closing – no extension to June 2
  - *Ex. 58, 59 – Debtor expressly instructed HNGH to send certain documents to Sendera, but noted involvement of multiple title companies, multiple financing partners. Walji seeks extension*
- May 27, 2022 – HNGH gets signed rescission deed to Sendera
  - *Ex. 57, 57a-c. After sending to Sendera, HNGH delivered pdf copy of rescission deed and exhibits to Debtor*
- May 27, 2022 – HNGH delivers Axos termination
  - *Ex. 56, 56a*

## TIMELINE

- May 27, 2022 – Debtor using 3 title cos, acknowledges confusion
  - *Ex. 62*

**From:** Joyce Lindauer <joyce@joycelindauer.com>
**Sent:** Friday, May 27, 2022 5:19 PM
**To:** John J. Kane
**Cc:** Khudabuksh K. Walji Esq.
**Subject:** Re: HNGH - Axos Bank Termination - Filed Stamped [IWOV-iManage.FID2137592]

That's fair

On May 27, 2022, at 5:11 PM, John J. Kane <jkane@krcl.com> wrote:

Don't know which title co to send to. You're working with 3, I'll let you forward it to the appropriate parties.

## TIMELINE

- May 27, 2022 – HNGH circulates draft HSB release around
  - *Ex. 60, 60a, 61 – Circulated to both HSB and Debtor*
- May 29, 2022 – Debtor to HNGH – Stop work pending comment
  - *Ex. 63*
- May 30, 3:24 pm – Debtor delivers drop box with docs, list
  - *Ex. 65, 65a-d – Includes 25 item mandatory closing deliverables list, including numerous never-before requested items and items Mr. Marx testified were not necessary deliverables for closing*
  - *First time Debtor's "Rescission Instrument" ever circulated*

## TIMELINE

- May 30, 5:19 pm – HNGH returns edited rescission instrument
  - *Ex. 67, 67a*
- May 30, 6:05 pm – HNGH asks Debtor to clarify *needs* to close
  - *Ex. 68 – Debtor never provided responsive narrowed list*
- May 30, 6:35 pm – HNGH delivers draft payoff, release of lien
  - *Ex. 69, 69a – Payoff Letter, Full Release, Release of Deed of Trut, Assignment of Rents. HNGH requested Debtor approval of form prior to execution, and received zero comments.*

# TIMELINE

- May 31, 9:00 am – Debtor forecasts failure, offers to "buy time"
  - *Ex. 71 – Includes threat to "gear up things" if no extension*
- May 31, 11:03 am – HNGH delivers HSB payoff instructions
  - *Ex. 72, 72a – HNGH provides to Debtor, Sendera due to lack of clarity, provides instructions that HSB should be paid as deduct from proceeds due HNGH at closing*
- May 31, 11:08 am – HSB seeks Title Co. info to deliver Release
  - *Ex. 73 – Request included information not in HNGH's possession, such as Title co. file ## / GF ##.*
- May 31, 11:12 am – HNGH asks Debtor to provide HSB Title Co.
  - *Ex. 73*

# TIMELINE

- May 31, 11:32 am – Debtor tells HNGH it is getting HSB title inf.
  - *Ex. 73 – "Working on it now"*

**From:** Joyce Lindauer <joyce@joycelindauer.com>
**Sent:** Tuesday, May 31, 2022 11:32 AM
**To:** John J. Kane
**Subject:** RE: 2999TC HNGH Happy State Bank - escrow info [IWOV-iManage.FID2137592]

Working on it now

**From:** John J. Kane <jkane@krcl.com>
**Sent:** Tuesday, May 31, 2022 11:12 AM
**To:** Joyce Lindauer <joyce@joycelindauer.com>
**Subject:** FW: 2999TC HNGH Happy State Bank - escrow info [IWOV-iManage.FID2137592]

Joyce can you provide this information to HSB's counsel?

## TIMELINE

- May 31, 11:34 am – Debtor still lacks "needs" list for closing
  - *Ex. 74 – Debtor is "waiting for a good list" from title co. and lender of missing items for closing*
- May 31, 11:44 am – HNGH seeks comments to closing docs
  - *Ex. 75 – HNGH asks Debtor if it has green light to execute Agreed Rescission Deed, comments to Payoff and Release of Lien instrument.*
- May 31, 11:47 am – Debtor is just circulating documents
  - *Ex. 75 - "circulating documents to everyone" in response.*

## TIMELINE

- May 31, 11:44 am – HNGH seeks comments to closing docs
  - *Ex. 75 – HNGH asks Debtor if it has green light to execute Agreed Rescission Deed, comments to Payoff and Release of Lien instrument.*

**From:** John J. Kane <jkane@krcl.com>
**Sent:** Tuesday, May 31, 2022 11:44 AM
**To:** Joyce Lindauer <joyce@joycelindauer.com>
**Subject:** RE: 2999TC Acqusitions [IWOV-iManage.FID2137592]

Do we have green light to get the Agreed Rescission Deed signed?

Comments to our payoff and release letter?

# TIMELINE

- May 31, 11:47 am – Debtor is just circulating documents
  - *Ex. 75 - "circulating documents to everyone" in response.*

**From:** Joyce Lindauer <joyce@joycelindauer.com>
**Sent:** Tuesday, May 31, 2022 11:47 AM
**To:** John J. Kane
**Subject:** RE: 2999TC Acqusitions [IWOV-iManage.FID2137592]

Circulating documents to everyone – thanks

# TIMELINE

- May 31, 12:12 pm – HNGH provides list of its deliverables
  - *Ex. 76 – Points out documents awaiting Debtor approvals, provides written assurance of post-closing deliverables*
- May 31, 12:48 pm – HNGH seeks comments, approvals
  - *Ex. 77 – HNGH yet again follows up re lack of comments, approvals for forms of documents circulated to Debtor*
- May 31, 1:27 pm – HNGH again asks Debtor to give HSB title co.
  - *Ex. 78 – HNGH again asks Debtor to facilitate HSB's delivery of closing documents.*
- May 31, 1:44 pm – Debtor again seeks Axos docs, rescission inst.
  - *Ex. 79 – No comments to revised Rescission Instrument, rejection.*

# TIMELINE

- May 31, 12:48 pm – HNGH seeks comments, approvals
  - *Ex. 77 – HNGH yet again follows up re lack of comments, approvals for forms of documents circulated to Debtor*

**From:** John J. Kane
**Sent:** Tuesday, May 31, 2022 12:48 PM
**To:** 'Joyce Lindauer'
**Subject:** Checking in

Have not heard back on any of the docs we circulated or status. Am leaving desk for 10 minutes to grab lunch. Will be back and eat at desk to be available.

As previously noted, if wet sigs are going to be needed on recorded instruments, then I must have approval to get signatures and notarizations and have them couriered ASAP. Running out of time.

# TIMELINE

- May 31, 1:27 pm – HNGH again asks Debtor to give HSB title co.
  - *Ex. 78 – HNGH again asks Debtor to facilitate HSB's delivery of closing documents.*

**From:** John J. Kane
**Sent:** Tuesday, May 31, 2022 1:27 PM
**To:** Joyce Lindauer
**Cc:** jcarruth@wkpz.com; rlh@rlhancock.com
**Subject:** RE: 2999TC HNGH Happy State Bank - escrow info [IWOV-iManage.FID2137592]

Joyce,

Jeff just reached out and noted he'd still not received the contact for the escrow agent to work out the instructions for the HSB collateral assignment release. I know you were working on this a couple of hours ago but it seems we're running out of daylight here. Can you please get that information to Jeff?

# TIMELINE

- May 31, 2:39 pm – HNGH provides 2999 Turtle Creek Assign.
  - *Ex. 80, 80a – Tries to show line of title for Debtor*
- May 31, 2:55 pm – Debtor needs Title to accept assignment doc
  - *Ex. 83*
- May 31, 3:04 pm – HNGH will provide incumbency cert
  - *Ex. 83 – Incumbency cert to show authority to enter into HNGH revised agreed rescission instrument, but doc seemingly rejected without comment by Debtor*
- May 31, 3:17 pm – Debtor first discloses "Funding Party"
  - *Ex. 84 – Mr. Garrison Kickham is principal of Funding Party, PLN. Debtor seems to refuse to allow title co to wire to HSB.*

# TIMELINE

- *May 31, 3:32 pm – Debtor files Motion to Extend Deadlines*
  - *Dkt. No. 128, 129*
- May 31, 3:40 pm – Debtor's Funding Party cannot close on time
  - *Ex. 85, 85a – PLN cannot close no matter what because can't underwrite deal while confirmation order is subject to appeal.*
- May 31, 3:54 pm – Debtor seeks no-consideration extension
  - *Ex. 87, 87a*
- May 31, 3:55 pm – Debtor admits TCC 2022 cannot close on time
  - *Ex. 88, 88a – TCC 2022 principal had not determined equity or loan, hadn't finished contract documents, no money ready to fund on May 31 due to lost driver's license issues*

# TIMELINE

- May 31, 4:26 pm – Debtor admits it is not able to close
  - *Ex. 90*
- May 31, 4:32 pm – HSB had executed release "ready to roll"
  - *Ex. 90– PLN cannot close no matter what because can't underwrite deal while confirmation order is subject to appeal.*

# TIMELINE

- May 31, 4:32 pm – HSB had executed release "ready to roll"
  - *Ex. 90– PLN cannot close no matter what because can't underwrite deal while confirmation order is subject to appeal.*

**From:** Jeff Carruth <jcarruth@wkpz.com>
**Sent:** Tuesday, May 31, 2022 4:32 PM
**To:** Joyce Lindauer <joyce@joycelindauer.com>
**Cc:** Khudabuksh K. Walji Esq. <k.walji@waljilaw.com>; jkane@krcl.com; RANDY P. MARX <RANDY@themarxfirm.com>
**Subject:** RE: Happy State Bank [2999TC]

I asked for title co info repeatedly today and had no information about where to send a release.
Release was ready to roll all day but no response as to where and who to send, wet or scan signature, etc.
HSB will deal with its borrower HNGH as HSB determines is necessary, and which credit and relationship are not the subject of the 2999TC bk case.

## TIMELINE

- May 31, 6:34 pm – Debtor sends HNGH litigation hold letter
  - *Ex. 95, 95a*
- June 1, 11:27 am – HNGH sends Debtor Rule 11 Sanctions notice
  - *Ex. 97 – Notice to Walji, Lindauer, Debtor for violation of Rule 11 based on allegations contained in Debtor's Motion to Extend Deadline and Compel.*
- June 2, 6:19 pm– HNGH rejects Debtor's request to continue hrg
  - *Ex. 98*
- June 2, 6:56 pm – Debtor withdraws Motion to Extend Deadlines
  - *Ex. 99*

## THE FACTS

- **HNGH Special Warranty Deed – Rescission Deed**
  - Orders required a deed ("the deed" "such deed" "Rescission Deed")
  - Chapter 5 of Tex. Prop. Code – Deed requires:
    - Writing
    - Grantor/Grantee
    - Description of property
    - Language evidencing conveyance, intent to convey
      - *Mr. Marx agreed – June 21 Transcript, p. 41 [11-14]*

## THE FACTS

- HNGH Special Warranty Deed – Rescission Deed
  - Marx:
    - HNGH Special Warranty Deed is a deed
    - Shows intent to reinstate Note and Deed of Trust
    - Shows intent to rescind Deed-in-Lieu
    - Grantor/Grantee
    - Description of Property
    - Language of conveyance

## THE FACTS

- HNGH Special Warranty Deed – Rescission Deed
  - Marx:
    - HNGH Special Warranty Deed is a deed
    - **Sendera Title approved HNGH Special Warranty Deed for purpose of issuing title policy**
    - Marx didn't like form of Special Warranty Deed for rescission

# THE FACTS

- Marx: June 15 Transcript, p. 74 [15-18]

Q Is it your understanding that Sendera Title approved HNGH's recision deed for title insurance purposes?
A Yes. I do think that there was an expression along those lines from Sendera.

# THE FACTS

- Marx: June 23 Transcript, p. 7 [1-7]

Q I may have asked this before, and so I apologize if I have I just don't recall exactly what your testimony was.
But was it your understanding that Sendera or their underwriter had approved this form of special warranty deed for the purposes of issuing title policy?
A Yes. I understood that Mr. Pruitt proved this for insurability purposes.

## THE FACTS

- HNGH Special Warranty Deed – Rescission Deed
  - Debtor:
    - Received Special Warranty Deed on May 12
    - Zero comments to Special Warranty Deed before May 30
    - On May 30, flat rejection, no proposed revisions
    - Flat rejection of HNGH comments to "Agreed Rescission *of* Deed"

## THE FACTS

- Debtor's Agreed Rescission of Deed
  - Problems:
    - Not a Deed per Marx admission
    - No provision of Tex. Prop. Code allows such an instrument
      - Only limited remedy in residential foreclosure (Ch. 51 TPC)
    - Title Co did ***not*** approve for issuance of title policy before May 31
    - Did not appear to reinstate Note and Deed of Trust
    - Factual assertions inconsistent with Agreed Adv. Judgment

## THE FACTS

- Debtor's Agreed Rescission of Deed
  - Title Co did ***not*** approve for issuance of title policy before May 31
  - Marx: June 23 Transcript, p. 63 [6-8]

A Well, let's put it this way. I would suggest that when one reviews a recision instrument, it can be reviewed from the most basic level would be whether it's insurable. And then

## THE FACTS

- Marx's Rescission Instrument - July 6 Transcript, p. 89 [16-23]

Q Okay. Isn't it correct that Sendera's underwriter did not approve the use of this instrument for the issuance of title policy before May 31st?

A I don't recall them ever reviewing this instrument.

Q Okay. So you never received a confirmation from the title company then that this would be an acceptable form of rescission instrument for the issuance of the title policy?

A Not requested.

## THE FACTS

- Debtor's Agreed Rescission of Deed
  - Even despite issues:
    - Received 3:24 pm on May 30, revised and returned 2 hours later
    - Marx: HNGH revised instrument satisfied substantive concerns
    - HNGH on May 30 – Will advise client to sign once Debtor approves

## THE FACTS

- Debtor's Agreed Rescission of Deed
  - Debtor Response:
    - No further comments or revisions
    - Marx: HNGH revised instrument satisfied substantive concerns
    - May 31, 1:44 pm – Walji flatly rejects HNGH revisions
    - Debtor blames lack of rescission deed on HNGH

## THE FACTS

- Debtor's Argument is Nonsensical
  - In summary:
    - HNGH default because didn't have executed Rescission Deed Dec. 11
    - HNGH executed Rescission Deed didn't work
    - Debtor refused to comment on Rescission Deed because form
    - Debtor refused to entertain comments to Rescission Instrument
    - HNGH must use Debtor Rescission Instrument
    - But HNGH not possessing Debtor Rescission Instrument on Dec. 11 was default excusing performance

## THE FACTS

- Debtor's Argument is Nonsensical
  - In summary:
    - HNGH should have read Debtor's mind because Debtor wouldn't provide comments before 3:24 pm, May 30
    - Debtor: HNGH waited until last minute to deliver Rescission Deed!
    - Debtor: Received Rescission Deed May 12, no comments for 18 days
    - Marx: Did not provide my comments to HNGH
    - Marx: Never *any* direct correspondence with HNGH

# THE FACTS

- Sendera Title Schedule C – Ex. 33a Arguments
  - Debtor had Sendera Title Commitment on May 18:
    - Did not deliver to HNGH until May 24, 4 business days to closing
    - Dooley: documents take 7-10 days to ***prepare***
    - Debtor: no comments to payoff and release of lien, assign. of rents
    - Debtor: no comments to Rescission Deed
    - Debtor: refuses to facilitate delivery of HSB release
    - Debtor: refuses to allow wire to HSB from HNGH proceeds

# THE FACTS

- Sendera Title Schedule C – Ex. 33a Arguments
  - Even Barton Agrees on Comments: July 1 Transcript, p. 134 [13-19]

Q So, Mr. Barton, you agree when those closing documents are prepared, they're typically subject to some review and negotiations?
A Yes.
Q Would you agree that it's important that comments to those documents should be promptly circulated then to facilitate a closing?

## THE FACTS

- Sendera Title Schedule C – Ex. 33a Arguments
  - Barton – Comments have to happen: July 1 Transcript, p. 135 [4-7]

```
little bit tiring from an owner standpoint. But yes, all both sides, no disrespect to lawyers, you know, always have some comments going back and forth. That is a process of the closing.
```

## THE FACTS

- Sendera Title Schedule C – Ex. 33a Arguments
  - Is Exhibit 33a even relevant?:
    - Marx admits in testimony: has seen updated Schedule C
      - June 21 Transcript, p. 76 [23-25]
    - May 24th Schedule C not even best evidence of Title Co. needs

```
Q    Mr. Marx, that was a yes or no question. Is there an updated Schedule C from the title company?
A    I think so.
```

# THE FACTS

- Sendera Title Schedule C – Ex. 33a Arguments
  - UCC – 3 Termination Statements:
    - Debtor: Had to have UCC-3 at closing to fund
    - Aster: Transactions regularly close without UCC-3s
    - Debtor: Schedules show <u>*zero*</u> personal property other than non-transferrable Mandarin Oriental agreements
      - *Ex. 22, Dkt. No. 51*

# THE FACTS

- Happy State Bank – An unforeseen roadblock
  - Debtor had Sendera Title Commitment on May 18:
    - Title Commitment identifies HSB title issue
    - If counsel for HNGH was unaware of HSB on May 20, <u>Debtor was not</u>
    - Debtor causes delivery of Ex. 33a to HNGH on May 24, Sendera email requests help resolving HSB and Axos issues
    - HSB title issue did not disappear

# THE FACTS

- Happy State Bank – An unforeseen roadblock
  - Resolving HSB – No Lack of HNGH Effort:
    - HNGH promptly got HSB assistance, prepared and circulated release
    - HSB executed release, attempted to deliver to debtor
    - Debtor refused to facilitate delivery of HSB release
    - Debtor refused to allow HSB payoff from HNGH proceeds

# THE FACTS

- Happy State Bank – An unforeseen roadblock
  - Blakely on Delivery of Executed Release: June 23 Transcript, p. 94 [10-14]

Q Do you have that document in your file, the release of collateral assignment?

A The one that I'm referring to that we had -- were asked to sign, we executed it. We never had directions of where to deliver it. And so we have since -- we since shredded it. It

# THE FACTS

- Happy State Bank – An unforeseen roadblock
  - Blakely on Delivery of Executed Release: June 23 Transcript, p. 119 [18-24]

Q Okay. Was it your understanding that the only reason that release wasn't provided for closing was because the debtor failed to deliver title company information to Happy State Bank's counsel?

A That's what we were told from our counsel was that we did not have the instructions of what the correct title company was. We did not have a place to send it.

# THE FACTS

- Happy State Bank – An unforeseen roadblock
  - Dooley: HSB type of transaction is ***__not__*** unusual
  - Nambiar: HSB type of transaction is ***__not__*** unusual
  - Aster: HSB type of transaction is ***__not__*** unusual
  - Not about contractual privity:
    - HNGH directing title co re payment of *__HNGH's__* proceeds to HSB
    - Evidence of HNGH's effort to facilitate clear title

# THE FACTS

- Happy State Bank – Payment = Delivery of Note
  - Blakely: June 23 Transcript, p. 128 [21-25] – p. 129 [1-5]

Q You said you were prepared to send the original note to the title company. Is that correct?
A We were prepared to release that upon payoff, yes.
Q Let's be clear about that. Upon payoff. So if you had gotten a wire transfer on the 31st of some $26,297,296.96,

# THE FACTS

- Happy State Bank – Payment = Delivery of Note
  - Blakely: June 23 Transcript, p. 128 [21-25] – p. 129 [1-5]

let's say by 3:00 in the afternoon, would you have been prepared to deliver your note to HNGH or the title company that afternoon?
A We would have been prepared to deliver what we needed to, yes.

## THE FACTS

- Happy State Bank – An unforeseen roadblock
  - Why refuse to allow HNGH to direct application of HNGH's proceeds?
    - Common in closings
    - Would resolve title issue on Ex. 33a
    - Would facilitate delivery of Note stamped paid in full
    - Not affecting Payoff Amount or Buyer's delivery to title co

## THE FACTS

- Happy State Bank – An unforeseen roadblock
  - **Illogical** to refuse to allow application of HNGH's proceeds to HSB!
    - False impediment to closing
    - Proceeds in escrow for closing are to be property of HNGH
    - HNGH simply directing wire to HSB of HNGH's proceeds
    - Doing so would *expedite* closing process

## THE FACTS

- Happy State Bank – An unforeseen roadblock
  - Why refuse to allow HNGH to direct application of HNGH's proceeds?
    - **Debtor needs a scapegoat**

## THE FACTS

**WHY WOULD DEBTOR NEED A SCAPEGOAT?**

Property purportedly worth more than $58.5 million

Debt only about $41 million

Debtor had 215 days from Oct. 29, 2021 – May 31, 2022

## THE FACTS

- **The Reality**: Debtor did not have funding ready to go on May 31
  - Evidence of Funding Sources:
    - Reverie – Hard stop, no underwriting before Conf. Order final in June
    - PLN – No underwriting before Conf. Order final in June
    - TCC 2022 – Funding source didn't have money ready, lost license
    - Enoch – Only had equity, no lending partner on May 31, needs FGB
    - Fleeger – Only had equity, no lending partner on May 31, needs HSB
    - First Guaranty Bank – Term sheet May 27, 10 business days to close

## THE FACTS

- The Reality: Debtor did not have funding ready to go on May 31
  - Who was Debtor's targeted May 31 Funding Partner?:
    - PLN – Walji identifies PLN as "Funding Partner" at 3:19 pm

# THE FACTS

- Private Lender Network– Not Prepared to Close
  - Even after receiving all documents satisfactory to determine clean title, "our underwriting department ***will require five (5) business days to close and fund*** the transaction…"
    - *Exhibit 85a* – May 31, 2022 at 3:40 pm – Walji delivers letter to Kane from Private Lender Network, purported funding source, expressing impossibility of closing by Payoff Deadline even had HNGH provided all documents requested by Debtor on May 30, 2022 at 3:24 pm.

# THE FACTS

- Private Lender Network– Not Prepared to Close
  - "Finally our underwriting stated that the May 18, 2022, [Plan Confirmation Order] has a 14-day appeal period, and that would be after May 30, 2022, ***i.e., June 1, 2022, and thus May 30, 2022, could not have been possible to satisfy our underwriter***."
    - *Exhibit 85a* – May 31, 2022 at 3:40 pm – PLN could *never* have authority to close by Payoff Deadline because Plan Confirmation Order was not yet final.

## THE FACTS

- Debtor Directs Court to Ignore Lack of Funding – Cites Doc Delays
  - Expert Testimony
    - Dooley – 7 - 10 days to draft documents in Title Co Schedule C
    - Aster – May take 7-10 days to draft, but then have to *negotiate*
      - Typical closing begins months in advance
    - Title Co Schedule C provided to HNGH on May 24
    - Title policy related to TCC 2022, who could not close

## THE FACTS

- Barton Testimony
  - Debtor drafted closing documents *after* May 31
  - Documents are in form acceptable to Debtor
  - Documents would have to be negotiated
  - Documents require HNGH approval
  - Documents require Takeout Lender approval
  - **Barton Proves the Point**
    - ***Debtor needed to start closing Prep in March or April***
    - ***Dumping document list on HNGH lap on May 24, May 30 absurd***

## THE FACTS

- Facts Prove:
  - Closing failed because Debtor again lacked funding at Payoff Deadline
  - Debtor began seeking closing documents too late
    - Debtor lacked solid closing partner for May 31 closing, which accounts for the delay
  - Debtor failed to provide comments to critical Rescission Deed for nearly 3 weeks
  - Debtor provided no comments to Payoff of Note, Release of Lien, Release of Assignment of Leases and Rents
  - Debtor stonewalled HSB release
  - Fact Debtor has now prepared closing documents proves Debtor could have done so

## THE FACTS

- WHAT DOES THE EVIDENCE SHOW:
  - Closing failed because Debtor again lacked funding at Payoff Deadline

# THE FACTS

- WHAT DOES THE EVIDENCE SHOW:
  - Closing failed because Debtor again lacked funding at Payoff Deadline
  - Debtor began seeking closing documents too late

# THE FACTS

- WHAT DOES THE EVIDENCE SHOW:
  - Closing failed because Debtor again lacked funding at Payoff Deadline
  - Debtor began seeking closing documents too late
  - Debtor lacked solid closing partner for May 31 closing, which accounts for the delay

## THE FACTS

- WHAT DOES THE EVIDENCE SHOW:
  - Closing failed because Debtor again lacked funding at Payoff Deadline
  - Debtor began seeking closing documents too late
  - Debtor lacked solid closing partner for May 31 closing, which accounts for the delay
  - Debtor failed to provide comments to critical Rescission Deed for nearly 3 weeks

## THE FACTS

- WHAT DOES THE EVIDENCE SHOW:
  - Closing failed because Debtor again lacked funding at Payoff Deadline
  - Debtor began seeking closing documents too late
  - Debtor lacked solid closing partner for May 31 closing, which accounts for the delay
  - Debtor failed to provide comments to critical Rescission Deed for nearly 3 weeks
  - Debtor provided no comments to HNGH Revised Rescission Instrument

## THE FACTS

- WHAT DOES THE EVIDENCE SHOW:
  - Closing failed because Debtor again lacked funding at Payoff Deadline
  - Debtor began seeking closing documents too late
  - Debtor lacked solid closing partner for May 31 closing, which accounts for the delay
  - Debtor failed to provide comments to critical Rescission Deed for nearly 3 weeks
  - Debtor provided no comments to HNGH Revised Rescission Instrument
  - Debtor provided no comments to Payoff and Release of Lien, Assignment of Rents

## THE FACTS

- WHAT DOES THE EVIDENCE SHOW:
  - Closing failed because Debtor again lacked funding at Payoff Deadline
  - Debtor began seeking closing documents too late
  - Debtor lacked solid closing partner for May 31 closing, which accounts for the delay
  - Debtor failed to provide comments to critical Rescission Deed for nearly 3 weeks
  - Debtor provided no comments to HNGH Revised Rescission Instrument
  - Debtor provided no comments to Payoff and Release of Lien, Assignment of Rents
  - Debtor stonewalled HSB delivery of executed Release of Collateral Assignment

## THE FACTS

- WHAT DOES THE EVIDENCE SHOW:
  - Closing failed because Debtor again lacked funding at Payoff Deadline
  - Debtor began seeking closing documents too late
  - Debtor lacked solid closing partner for May 31 closing, which accounts for the delay
  - Debtor provided no comments to critical Rescission Deed for nearly 3 weeks
  - Debtor provided no comments to HNGH Revised Rescission Instrument
  - Debtor provided no comments to Payoff and Release of Lien, Assignment of Rents
  - Debtor stonewalled HSB delivery of executed Release of Collateral Assignment
  - Debtor only prepared closing documents week after expiration of Payoff Deadline

## THE FACTS

- WHAT DOES THE EVIDENCE SHOW:
  - **THE CLOSING FAILED BECAUSE OF THE DEBTOR**

## THE RED HERRINGS

- The Rescission Deed Dispute
- Payments to HNGH by Debtor
- Value of Property
- Plan Modification
- Plan Implementation

## THE RED HERRINGS

- The Rescission Deed Dispute
  - Debtor's Argument
    - HNGH not holding executed Rescission Deed on Dec. 11
    - That is breach of Agreed Order
    - Breach excuses all further Debtor performance

## THE RED HERRINGS

- <u>The Rescission Deed Dispute</u>
  - Obvious Holes:
    - Consideration Payments?
    - March Payments?
    - Tax Payments?

## THE RED HERRINGS

- <u>The Rescission Deed Dispute</u>
  - Obvious Holes:
    - No causal relationship to failure to close?

# THE RED HERRINGS

- The Rescission Deed Dispute
- Actual Facts:
  - HNGH provided Debtor draft Rescission Deed for comments on **May 12, 2022** – *Exhibit 31, 31a*
  - Debtor never provided any comments to the form of Rescission Deed until **May 30, 2022** at 3:24 pm. – *Exhibit 65, 65d*
  - HNGH's Rescission Deed rescinded the Deed-in-Lieu *ab initio*, effective October 29, 2021 – *Exhibit 31a*

# THE RED HERRINGS

- Excerpts from the HNGH Rescission Deed – *Exhibit 57a*

District of Texas Dallas Division, 2999TC and HNGH acknowledge and agree as follows:

1. the Deed-In-Lieu is rescinded and avoided effective as of October 29, 2021, in order for fee simple title to the Property to remain vested in 2999TC;

2. the following are reinstated effective immediately prior to the occurrence of the Payoff Event (as defined in the Agreed Order): (a) that certain Secured Promissory Note dated September 20, 2019 (the "Note"), in the original principal amount of $32,500,000, payable by 2999TC, as maker, to the order of HNGH, as payee and holder of the Note, and (b) the lien on and security interest against the Property created by that certain Deed of Trust, Security Agreement and Fixture Filing dated September 29, 2019, recorded as Document # 201900253450 in the real property records of Dallas County, Texas; and

3. the Payoff Event occurred concurrently with the execution and delivery of this Special Warranty Date.

## THE RED HERRINGS

- Agreed Orders Require Deed
  - *Marx: Yes, HNGH's document is a deed*
  - *Marx: No, Debtor's Rescission Instrument is not a deed*
  - *Marx: No, did not provide comments to HNGH's SWD*
  - *Debtor: No comments to HNGH's SWD before May 30*
  - *Debtor: Replace with document on May 30 that:*
    - Not a deed
    - Does not reinstate Note and Deed of Trust

## THE RED HERRINGS

- Agreed Orders Require Deed

the Payoff Amount and counsel for HNGH shall hold the rescission deed during the pendency of the term of this Agreed Order and shall have no liability to the Debtor or any other party by way of holding such deed or releasing the deed in accordance with the terms of this Agreed Order. It is further

## THE RED HERRINGS

- Agreed Orders Require Deed

the Payoff Amount and counsel for HNGH shall hold the rescission deed during the pendency of the term of this Agreed Order and shall have no liability to the Debtor or any other party by way of holding such deed or releasing the deed in accordance with the terms of this Agreed Order. It is further

## THE RED HERRINGS

- Agreed Orders Require Deed
  - *Marx: Yes, HNGH's document is a deed*
  - *Marx: No, Debtor's Rescission Instrument is <u>not</u> a deed*
  - *Marx: No, did not provide comments to HNGH's SWD*
  - *Debtor: No comments to HNGH's SWD before May 30*
  - *Debtor: Replace with document on May 30 that:*
    - Not a deed
    - Does not reinstate Note and Deed of Trust

## THE RED HERRINGS

- The Rescission Deed Trap:
  - Debtor: Replace with document on May 30 that:
    - Not a deed
    - Does not reinstate Note and Deed of Trust
  - Debtor: HNGH Defaulted because no new instrument reinstating note after we rejected the Rescission Deed!
  - An inequitable argument to say the least

## THE RED HERRINGS

- Payments to HNGH by Debtor
  - Debtor is repeatedly and knowingly misstating payments made to HNGH

| | | |
|---|---|---|
| 12/14/21 | $500,000.00 | Consideration Payment |
| 12/31/21 | $500,000.00 | Consideration Payment |
| 1/14/22 | $500,000.00 | Consideration Payment |
| 2/1/22 | $500,000.00 | Consideration Payment |
| 3/1/22 | $500,000.00 | Consideration Payment |
| 3/15/22 | $1,000,000.00 | Agreed Order (towards Allowed Claim of $2M) |
| 3/25/22 | $2,500,000.00 | Agreed Order ($1M - Allowed Claim & $2.5M - PayOff |
| **TOTAL** | **$9,010,607.87** | |

## THE RED HERRINGS

- <u>Payments to HNGH by Debtor</u>
  - Consideration Payments were $100,000 each – *Exhibit 8*

March, 2022, such that the Debtor shall owe to HNGH a total of $500,000, the payment of which shall be applied to reduce the Payoff Amount (the "**Consideration Payments**"). For the sake of clarity, Debtor shall owe HNGH the Consideration Payments as follows: $100,000 payable not later than December 14, 2021; plus $100,000 on December 31, 2021 and a $100,000.00 on January 14, 2022; $100,000 on February 1, 2022; and $100,000 on March 1, 2022. It is further

## THE RED HERRINGS

- <u>Payments to HNGH by Debtor</u>
  - Ad Valorem Tax Payments were paid to taxing authorities, not HNGH – *Barton and Nambiar acknowledged customary*
- Debtor has only paid $6,178,496 to HNGH since January 1, 2021
- *Below Note Rate* carry
  - No evidence of predacious lending
  - Discounted interest rate
  - Many extensions

## THE RED HERRINGS

- Payments to HNGH by Debtor
- Debtor has paid $6,178,496 to HNGH since January 1, 2021
- If HNGH used the modified Note balance *before* Debtor's October 29, 2021 maturity default (to which it has acknowledged, Exhibit 7) and applied only Note non-default interest:
- $40,073,171 x 12.4% interest x 17 months = $7,149,944.22

## THE RED HERRINGS

- **Value of the Property** – Debtor Appeals to Equity
- Adversary Complaint – 11/11/2021 - $50,000,000
- SOFA – 11/19/2021 - $51,000,000
- Schedule A/B – 11/19/2021 - $58,500,000
- Amd. Sched. A/B – 12/08/2021 - $56,400,000
- Debtor – Worth way more now!

# THE RED HERRINGS

Newmark Knight Frank

December 9, 2021

John J. Kane
KANE RUSSELL COLEMAN LOGAN PC
901 Main Street
Dallas, TX 75202

RE: Appraisal of a 2.47 Acre Site located at 2999 Turtle Creek Boulevard, Dallas, Dallas County, TX 75219, prepared by Newmark Knight Frank Valuation & Advisory, LLC (herein "Firm" or "NKF")

NKF Job No.: 21-0158771-1

Dear Mr. Kane:

The subject is a tract of land containing 2.47 acres or 107,424 square feet of land area located at 2999 Turtle Creek Boulevard. The site is irregular in shape and located at the northwestern corner

# THE RED HERRINGS

Based on the analysis contained in the following report, the opinion of market value for the subject is:

**Value Conclusions**

| Appraisal Premise | Interest Appraised | Date of Value | Value Conclusion |
|---|---|---|---|
| As Is Market Value | Fee Simple | 12/8/2021 | $39,750,000 |

*Compiled by NKF*

## THE RED HERRINGS

- **Value of the Property** – Probative for Equitable Argument?
  - Never about paying creditors under Plan
    - Dkt. 72 – GUC = $558,500
      - Questionable, but even if…
  - If about equitable treatment of creditors, Debtor could have sold Property, paid all creditors in full at proposed Debtor valuation, made distribution to equity

## THE RED HERRINGS

- **Value of the Property** – Probative for Equitable Argument?
  - Even proposed it as back up plan to Judge Hale:
    - Debtor: March 22 Transcript, p. 3 [20-25]

> The second thing the debtor has contacted Jones LaSalle as a broker, and they're looking at hiring them as a listing agent for the property as really as a backup to the Tall Ship transaction. In the event for some reason that transaction doesn't come to fruition, the debtor wants to have an opportunity to try to market and sell the property.

## THE RED HERRINGS

- **Value of the Property** – Probative for Equitable Argument?
  - Never about satisfaction of creditor claims though
  - Really about preserving Barton's purported upside
    - Debtor never retained broker during case

## THE RED HERRINGS

- **Value of the Property** – Probative for Equitable Argument?
  - Equity is a convenient argument
    - But not one based in reality
    - Newmark is a reputable appraiser
    - Newmark appraisal is based on sales comps
      - Focuses on Turtle Creek, not hotels in other cities

## THE RED HERRINGS

- **Value of the Property** – Probative for Equitable Argument?
  - If worth nearly $60 million…
    - Hard to imagine why Debtor couldn't obtain financing from:
      - Oct. 29, 2021 – May 31, 2022
      - 7 months

## THE RED HERRINGS

- **Plan Modification Motion**
  - Section 1127(b)
    - In re U.S. Brass Corp., 301 F.3d 296, 307-08 (5th Cir. 2002)
    - In re Viking Offshore USA, Inc., 2010 WL 1544402, at *3 (Bankr. S.D. Tex. April 19, 2010)
    - In re Sandford, 498 B.R. 307, 311-12 (Bankr. D.N.M. 2013)

## THE RED HERRINGS

- **Plan Modification Motion**
  - Section 1127(b) – Plan Modification Obviously Adverse
    - Extends Payoff Deadline
    - No proposed Payoff Amount increase
    - No consent to modification from HNGH
    - Already 42 days from Payoff Deadline
    - Debtor remains in possession
    - *Sandford* – Substantive modification of HNGH's rights

## THE RED HERRINGS

- **Plan Implementation Motion**
  - *11 U.S.C. 1142 et. cet.*
    - Rule 60(b) – Not applicable to clerical mistake
    - Rule 60(a) – Not applicable to substantive rewrite
      - Jones v. Anderson-Tully Co., 722 F.2d 211, 212-13 (5th Cir. 1984)
        - Modification affecting substantive right of party cannot be considered a clerical mistake or revision under Rule 60(a)
      - Sandford – Extending sale or payoff deadline is a substantive and adverse modification

## THE RED HERRINGS

- **Plan Implementation Motion**
  - *11 U.S.C. 1142 et. cet.*
    - Implementation v. Modification of Plan
    - Plan turns on Agreed Orders
      - Payoff Deadline expired
      - Motion is untimely
      - Motion seeks substantive modification
      - Extension of deadlines
      - Deprivation of HNGH bargained for remedies

## THE RED HERRINGS

- **Plan Implementation Motion**
  - *11 U.S.C. 1142 et. cet.*
    - 105(a) – Enforcement v. Modification of Orders
    - In re Waco Town Square Partners, LP, 536 B.R. 756 (S.D. Tex. 2015)
      - 105(a) not unlimited
      - Cannot contradict other statutes
      - 1127(b) – adverse modification of Plan

## THE RED HERRINGS

- **Both Motions Fail**
- **Debtor's Rule 7001 Arguments Fail**
- **Debtor's Closing Failed**
- **Same Song and Dance**

## Massive Red Herrings

**HNGH Respectfully Requests Entry of Proposed Order**

**Granting HNGH's Motion to Enforce**