Joyce W. Lindauer
State Bar No. 21555700
Joyce W. Lindauer Attorney, PLLC
1412 Main Street, Suite 500
Dallas, TX 75202
Telephone: (972) 503-4033
Facsimile: (972) 503-4034

Khudabuksh K. Walji
State Bar No. 20691500
Law Office of K. Walji, P.C.
The Atrium Building
10701 Corporate Drive, Suite 350
Stafford, Texas, USA 77477
Telephone: (281) 401-9672

COUNSELS FOR DEBTOR

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **IN RE:** | § | |
| | § | |
| **2999TC ACQUISITIONS, LLC,** | § | **CASE NO. 21-31954-swe-11** |
| | § | |
| **DEBTOR.** | § | **CHAPTER 11** |

# DESIGNATION OF RECORD AND STATEMENT OF ISSUES ON APPEAL

TO THE UNITED STATES BANKRUPTCY COURT:

COMES NOW 2999TC Acquisitions, LLC ("Appellant"/"Debtor") and pursuant to Federal Rules of Bankruptcy Procedure 8009(a)(1) hereby designates the following items for inclusion in the record on appeal in Case No. 21-31954-swe11 in the U.S. District Court for the Northern District of Texas, Dallas Division including adversary case numbers 22-03061-swe and 21-03085-hdh to the extent effected by the issues stated herein. **Such designation of pleadings and matters of record include all exhibits attached or referred to in the pleadings or matters of record**:

## I. DESIGNATION OF RECORD IN CHAPTER 11 BANKRUPTCY CASE NO. 21-31954-SWE11

| Filing Date | Dkt.No. | Description for the Designation of Record |
|---|---|---|
| | | Docket Sheet - Case No. 21-31954-swe11 |
| 10/29/2021 | 1 | Non-individual Chapter 11 Voluntary Petition. |
| 11/4/2021 | 9 | Motion to dismiss case [Motion to Dismiss Debtor's Bankruptcy Case or, in the Alternative, for Relief from the Automatic Stay, with Incorporated Brief in Support] Filed by Creditor HNGH Turtle Creek, LLC |
| 11/4/2021 | 10 | Motion for relief from stay [Motion to Dismiss Debtor's Bankruptcy Case or, in the Alternative, for Relief from the Automatic Stay, with Incorporated Brief in Support] |
| 11/5/2021 | 14 | Motion for leave /Debtor's Expedited Motion to Enforce Automatic Stay and for Sanctions Pursuant to 11 U.S.C. Section 362 Filed by Debtor 2999TC Acquisitions, LLC |
| 11/5/2021 | 15 | Motion for sanctions for violation of automatic stay 11 USC 362 amount to be determined against HNGH Turtle Creek, LLC Filed by Debtor 2999TC Acquisitions, LLC |
| 12/10/2021 | 64 | Agreed Order denying motion to dismiss (related document # 9), conditioning motion for relief from stay by Creditor HNGH Turtle Creek, LLC (related document # 10), denying motion to enforce stay (related document # 14), and denying motion for sanctions (related document # 15) Entered on 12/10/2021. |
| 12/10/2021 | 65 | SEALED document regarding: Exhibit A to Agreed Order (Related to Doc. 64) |
| 2/9/2022 | 71 | Motion to dismiss case Filed by Debtor 2999TC Acquisitions, LLC |
| 2/22/2022 | 75 | Objection to (related document(s): 71 Motion to dismiss case filed by Debtor 2999TC Acquisitions, LLC) filed by Creditor HNGH Turtle Creek, LLC. |
| 3/8/2022 | Claim#3 | Claim #3 filed by HNGH Turtle Creek, LLC |
| 3/15/2022 | 91 | Stipulation by HNGH Turtle Creek, LLC and the Debtor, and Timothy J. Barton. filed by Creditor HNGH Turtle Creek, LLC |
| 3/17/2022 | 94 | Agreed order modifying order on motion to dismiss and for relief from stay |
| 3/17/2022 | 96 | SEALED document regarding: Exhibit A to Agreed Order (Related to Doc. 94) |
| 4/25/2022 | 108 | Amended chapter 11 plan filed by Debtor 2999TC Acquisitions, LLC |
| 4/26/2022 | 110 | Amended disclosure statement filed by Debtor 2999TC Acquisitions, LLC |

| | | |
|---|---|---|
| 4/28/2022 | 112 | Order approving second amended disclosure statement and setting hearing on confirmation of plan |
| 5/7/2022 | 120 | Witness and Exhibit List filed by Debtor 2999TC Acquisitions, LLC (RE: related document(s)108 Chapter 11 plan) with attached exhibits. |
| 5/18/2022 | 123 | Order confirming Debtor's third amended chapter 11 plan |
| 6/3/2022 | 134 | Motion to enforce agreed orders (related document(s): 64 Order on motion to dismiss case, Order on motion for relief from stay, Order on motion for leave, Order on motion for sanctions, 94 Order (generic)) |
| 6/7/2022 | 141 | Witness and Exhibit List filed by Creditor HNGH Turtle Creek, LLC and attached exhibits. |
| 6/7/2022 | 142 | Witness and Exhibit List filed by Debtor 2999TC Acquisitions, LLC and attached exhibits. |
| 6/8/2022 | 144 | Amended Witness and Exhibit List for June 10, 2022 Hearing filed by Creditor HNGH Turtle Creek, LLC |
| 6/8/2022 | 145 | Objection to (related document(s): 134 Motion to enforce agreed orders (related document(s): 64 Order on motion to dismiss case, Order on motion for relief from stay, Order on motion for leave, Order on motion for sanctions, 94 Order (generic)) filed by Creditor HNGH Turtle Creek, LLC) filed by Debtor 2999TC Acquisitions, LLC. |
| 6/8/2022 | 146 | Exhibit List Exhibit 88a filed by Creditor HNGH Turtle Creek, LLC |
| 6/9/2022 | 148 | Notice Statement of Happy State Bank Regarding HNGH Turtle Creek, LLC's Motion to Enforce Agreed Orders (Re: Docket No. 134) filed by Creditor Centennial Bank d/b/a Happy State Bank |
| 6/9/2022 | 149 | Support/supplemental document/Supplemental Response to Motion to Enforce Agreed Orders filed by Debtor 2999TC Acquisitions, LLC |
| 6/9/2022 | 150 | Objection to (related document(s): 141 List (witness/exhibit/generic) filed by Creditor HNGH Turtle Creek, LLC, 144 List (witness/exhibit/generic) filed by Creditor HNGH Turtle Creek, LLC, 146 List (witness/exhibit/generic) filed by Creditor HNGH Turtle Creek, LLC)/Debtor's Objections to HNGH Turtle Creek, LLC's Exhibits for Hearing on June 10, 2022 filed by Debtor 2999TC Acquisitions, LLC. |
| 6/9/2022 | 152 | Adversary case 22-03061. Complaint by 2999TC Acquisitions, LLC against HNGH Turtle Creek, LLC. |
| 6/9/2022 | 153 | Response opposed to (related document(s): 148 Notice (generic) filed by Creditor Centennial Bank d/b/a Happy State Bank) filed by Debtor 2999TC Acquisitions, LLC. |
| 6/10/2022 | 171 | Court admitted exhibits date of hearing 6/10/2022 HNGH TURTLE CREEK LLC'S 1-22 , 24-36A , 38-49, 54-60a,61, 63-97, 99.; 2999 TC ACQUISITIONS 1-9, 12-14, 16-24,26-27 |

| | | |
|---|---|---|
| 6/10/2022 | 282 | Court admitted exhibits date of hearing 6/10/2022 HNGH TURTLE CREEK LLC'S 1-22 , 24-36A , 38-49, 54-60a,61, 63-97, 99. DE#141; 2999 TC ACQUISITIONS 1-9, 12-14, 16-24, DKT#142, 26-27 TENDERED TO THE COURT (Entered on 3/17/2022) Modified on 9/28/2022) |
| 6/12/2022 | 159 | Support/supplemental document/First Supplemental Witness List filed by Debtor 2999TC Acquisitions, LLC |
| 6/20/2022 | 173 | Motion to enforce/Reorganized Debtor's Motion Pursuant to Sections 1142 and 105(a) of the Bankruptcy Code to (I) Enforce, (II) Clarify, Modify and/or Amend Agreed Orders and Plan Confirmation Order, and (III) Direct the Execution and Delivery of Instruments Necessary for the Transfer of Property Dealt with by the Confirmed Plan |
| 6/20/2022 | 174 | Motion for leave /Reorganized Debtor's Motion for Entry of an Order Authorizing the Reorganized Debtor to Modify Debtor's Third Plan of Reorganization and Plan Confirmation Order (related document(s) 108 Chapter 11 plan, 123 Order confirming chapter 11 plan) Filed by Debtor 2999TC Acquisitions, LLC |
| 6/24/2022 | 256 | Court admitted exhibits date of hearing 6/24/2022 HNGH Turtle Creek, LLC #122 DE #141 , 29999 TC Acquisitions 11A DE#142, 29 DE #244, MOVANT'S 100 OFFERED BY DEBTOR DE #141 |
| 6/28/2022 | 189 | Support/supplemental document/Debtor's Second Supplemental Response in Opposition to Motion to Enforce Agreed Orders filed by Debtor 2999TC Acquisitions, LLC |
| 6/29/2022 | 199 | Reply to (related document(s): 145 Objection filed by Debtor 2999TC Acquisitions, LLC) to Motion to Enforce Agreed Order 134 filed by Creditor HNGH Turtle Creek, LLC. |
| 6/30/2022 | 202 | Brief in support filed by Debtor 2999TC Acquisitions, LLC (Related document 189) |
| 7/1/2022 | 212 | Debtor's Surreply to HNGH Turtle Creek, LLC's Reply in Support of Its Motion to Enforce Agreed Orders (related document(s): 199 Reply filed by Creditor HNGH Turtle Creek, LLC) filed by Debtor 2999TC Acquisitions, LLC. |
| 7/7/2022 | 231 | Notice /Debtor's Trial Brief Regarding HNGH's Legal Nullity "Document Speaks for Itself" Objections filed by Debtor 2999TC Acquisitions, LLC. |
| 7/11/2022 | 246 | Amended Exhibit List Second Supplemental filed by Creditor HNGH Turtle Creek, LLC |

| | | |
|---|---|---|
| 7/11/2022 | 247 | Objection to (related document(s): 174 Motion for leave /Reorganized Debtor's Motion for Entry of an Order Authorizing the Reorganized Debtor to Modify Debtor's Third Plan of Reorganization and Plan Confirmation Order (related document(s) 108 Chapter 11 plan, 123 Order c filed by Debtor 2999TC Acquisitions, LLC) filed by Creditor HNGH Turtle Creek, LLC. |
| 7/11/2022 | 248 | Objection to (related document(s): 173 Motion to enforce/Reorganized Debtor's Motion Pursuant to Sections 1142 and 105(a) of the Bankruptcy Code to (I) Enforce, (II) Clarify, Modify and/or Amend Agreed Orders and Plan Confirmation Order, and (III) Direct the Execution and Delivery filed by Debtor 2999TC Acquisitions, LLC) filed by Creditor HNGH Turtle Creek, LLC. |
| 7/18/2022 | 258 | Transcript regarding Hearing Held 6/10/22 RE: HEARING ON HNGH'S MOTION TO ENFORCE AGREED ORDERS FILED BY CREDITOR HNGH TURTLE CREEK, LLC. |
| 7/18/2022 | 259 | Transcript regarding Hearing Held 6/13/22 RE: HEARING ON HNGH'S MOTION TO ENFORCE AGREED ORDERS FILED BY CREDITOR HNGH TURTLE CREEK, LLC. 7. |
| 7/18/2022 | 260 | Transcript regarding Hearing Held 6/15/22 RE: HEARING ON HNGH'S MOTION TO ENFORCE AGREED ORDERS FILED BY CREDITOR HNGH TURTLE CREEK, LLC. |
| 7/18/2022 | 261 | Transcript regarding Hearing Held 6/21/22 RE: HEARING ON HNGH'S MOTION TO ENFORCE AGREED ORDERS FILED BY CREDITOR HNGH TURTLE CREEK, LLC. |
| 7/18/2022 | 262 | Transcript regarding Hearing Held 6/23/22 RE: HEARING ON HNGH'S MOTION TO ENFORCE AGREED ORDERS FILED BY CREDITOR HNGH TURTLE CREEK, LLC. |
| 7/18/2022 | 263 | Transcript regarding Hearing Held 6/24/22 RE: HEARING ON HNGH'S MOTION TO ENFORCE AGREED ORDERS FILED BY CREDITOR HNGH TURTLE CREEK, LLC. |
| 7/18/2022 | 264 | Transcript regarding Hearing Held 6/27/22 RE: HEARING ON HNGH'S MOTION TO ENFORCE AGREED ORDERS FILED BY CREDITOR HNGH TURTLE CREEK, LLC. |
| 7/18/2022 | 265 | Transcript regarding Hearing Held 6/28/22 RE: HEARING ON HNGH'S MOTION TO ENFORCE AGREED ORDERS FILED BY CREDITOR HNGH TURTLE CREEK, LLC. |
| 7/18/2022 | 266 | Transcript regarding Hearing Held 6/29/22 RE: HEARING ON HNGH'S MOTION TO ENFORCE AGREED ORDERS FILED BY CREDITOR HNGH TURTLE CREEK, LLC. |

| | | |
|---|---|---|
| 7/18/2022 | 267 | Transcript regarding Hearing Held 6/30/22 RE: HEARING ON HNGH'S MOTION TO ENFORCE AGREED ORDERS FILED BY CREDITOR HNGH TURTLE CREEK, LLC. |
| 7/18/2022 | 268 | Transcript regarding Hearing Held 7/1/22 RE: HEARING ON HNGH'S MOTION TO ENFORCE AGREED ORDERS FILED BY CREDITOR HNGH TURTLE CREEK, LLC. |
| 7/18/2022 | 269 | Transcript regarding Hearing Held 7/6/22 RE: HEARING ON HNGH'S MOTION TO ENFORCE AGREED ORDERS FILED BY CREDITOR HNGH TURTLE CREEK, LLC - AM SESSION. |
| 7/18/2022 | 270 | Transcript regarding Hearing Held 7/6/22 RE: HEARING ON HNGH'S MOTION TO ENFORCE AGREED ORDERS FILED BY CREDITOR HNGH TURTLE CREEK, LLC - PM Session. |
| 7/18/2022 | 271 | Transcript regarding Hearing Held 7/8/22 RE: HEARING ON HNGH'S MOTION TO ENFORCE AGREED ORDERS FILED BY CREDITOR HNGH TURTLE CREEK, LLC. |
| 7/18/2022 | 272 | Transcript regarding Hearing Held 7/11/22 RE: HEARING ON HNGH'S MOTION TO ENFORCE AGREED ORDERS FILED BY CREDITOR HNGH TURTLE CREEK, LLC. |
| 7/18/2022 | 273 | Transcript regarding Hearing Held 7/12/22 RE: HEARING ON HNGH'S MOTION TO ENFORCE AGREED ORDERS FILED BY CREDITOR HNGH TURTLE CREEK, LLC (along with any other transcripts of such hearings not specifically designated above) |
| 7/26/2022 | 275 | Brief in support filed by Creditor HNGH Turtle Creek, LLC (RE: Motion to Enforce Agreed Orders) |
| 7/26/2022 | 276 | Brief in support filed by Debtor 2999TC Acquisitions, LLC (RE: Dkt 145 Opposition/Objection to Motion to Enforce Agreed Orders) |
| 9/28/2022 | 283 | Order granting in part, denying in part HNGH Turtle Creek, LLC's motion to enforce Agreed Orders (Related Doc # 134), denying Debtor's motion to enforce, clarify, modify and/or amend agreed orders and plan confirmation order, and direct the execution and delivery of instruments necessary for the transfer of property dealt with by the confirmed plan (Related Doc # 173), denying Debtor's motion for entry of an order authorizing the Reorganized Debtor to modify Debtor's Third Plan of Reorganization and Plan Confirmation Order (related document # 174) Entered on 9/28/2022. |
| 9/29/2022 | 284 | Notice of appeal. |
| 9/30/2022 | 288 | Amended notice of appeal filed by Debtor 2999TC Acquisitions, LLC |
| 10/3/2022 | 293 | Notice regarding the record for a bankruptcy appeal to the U.S. District Court. |

## II. DESIGNATION OF RECORD IN ADVERSARY CASE NO. 22-03061-SWE

| Filing Date | Dkt.No. | Description for the Designation of Record |
|---|---|---|
| | | Docket Sheet – Adversary Case No. 22-03061-SWE |
| 6/9/2022 | 1 | Complaint by 2999TC Acquisitions, LLC against HNGH Turtle Creek, LLC. |
| 6/10/2022 | 3 | Summons issued on HNGH Turtle Creek, LLC Answer Due 7/11/2022 |

## III. DESIGNATION OF RECORD IN ADVERSARY CASE NO. 21-03085-HDH

| Filing Date | Dkt.No. | Description for the Designation of Record |
|---|---|---|
| | | Docket Sheet – Adversary Case No. 21-03085-hdh |
| 11/11/2021 | 1 | Adversary case 21-03085. Complaint by 2999TC Acquisitions, LLC against HNGH Turtle Creek, LLC, Vipin Nambiar, HN Green Hollow Capital Partners, LLC. |
| 3/18/2022 | 14 | Order dismissing adversary case with prejudice (related document # 1). |
| 3/18/2022 | 15 | Agreed Judgment. Entered on 3/18/2022 |

## IV. STATEMENT OF ISSUES ON APPEAL

1. Did the bankruptcy court err in ruling that "the Court can grant the relief requested in the [*HNGH Turtle Creek LLC's Motion to Enforce Agreed Orders]* ("Motion to Enforce") and related claims thereto (including Appellant's breach of contract claim alleging HNGH Turtle Creek, LLC ("HNGH") without the filing of another adversary proceeding" [1]including where the court ruled that "HNGH can enforce its rights through a Motion to Enforce…in accordance with the terms of the Agreed Orders" without an adversary proceeding even though Appellant alleged

[1] Including adversary case no. 22-03061-swe which had been filed by Appellant.

HNGH violated such terms of the Agreed Orders which were also asserted in Appellant's adversary proceeding?

2. Did the court err by not ruling in favor of Debtor on its Opposition to HNGH's Motion to Enforce the Agreed Orders?

3. Did the court err in ruling that the "…primary issue: Has there been a Default under the Agreed Orders[2] or not?" did not require an adversary proceeding where the court determined that if the Debtor was in default under the Agreed Orders then HNGH would own the Property and if Debtor was not in default under the Agreed Orders, then Debtor would still own the Property?

4. Did the court err by its issuance of the Order which would impermissibly interfere with, collaterally estop and/or act as res judicata on Appellant's Second Adversary Proceeding and/or Appellant's related breach of contract claim against HNGH regarding HNGH's alleged breach of the Forbearance Agreement or otherwise act as an impermissible ruling on Appellant's Second Adversary Proceeding and breach of contract claims without affording Appellant certain rights afforded to it under an adversary proceeding including discovery and due process?

5. Did the court err by ruling that "Debtor's breach-of-contract arguments fail" (which included Appellant's assertion that HNGH failed to comply with the Agreed Orders) because the court found that (i) Appellant "had not secured funding to satisfy the Payoff Amount by the Extended Payoff Deadline" and (ii) "HNGH did not breach the Agreed Orders, or if it did, the breaches were nonmaterial or the breaches were waived by the Debtor."

6. By not ruling that HNGH breached the Agreed Orders, did the court err by not finding that the agreed orders in the adversary case were likewise not breached?

[2] Unless defined herein, capitalized terms shall have the meaning as described in the Order.

7. Did the Court err by finding that "HNGH submitted the Deed in Lieu for recording [on October 29, 2021] before the Debtor filed its petition for bankruptcy relief in the evening on October 29, 2021" and that the subsequent recording of the Deed in Lieu on November 1, 2021 "in the real property records of Dallas County, Texas to effect the transfer of the Property to [HNGH]"[3] ("Recording of the Deed") was a valid transaction and conveyance[4] and as a result HNGH is the owner of the Property?

8. Did the court err by ruling that Appellant shall have no further right, title, or interest in the Property, nor any lien, claim, encumbrance, or cloud on title against the Property?

9. Did the Court err by not ruling that the Recording of the Deed violated the automatic stay as a result of Appellant filing its petition for bankruptcy relief in the evening on October 29, 2021 prior to the Recording of the Deed and if so, did the Court further err by not ruling that such recording was not effective?

10. Did the court err by ruling that HNGH did not fail to hold a rescission deed ("Rescission Deed") and/or did not fail to deliver an effective rescission deed for closing as required under the Agreed Orders.

11. Did the court err by not ruling that HNGH failed to timely perform its obligations which was a necessary precondition in order for Appellant to close on the payment to HNGH and othewise was a breach of the Agreed Orders?

---

[3] Under the terms of the Forbearance Agreement.

[4] Where such conveyance was made under the Forbearance Agreement even though HNGH allegedly violated the agreement by attempting to record the Deed in Lieu prior to any default of the agreement by Appellant.

12. Did the court err by not finding that HNGH was required to disclose the involvement of Happy State Bank ("HSB") who possessed the Note including where HNGH did not disclose HSB as part of its claim or other filings with the court?

13. Did the court err by finding that Debtor was somehow obligated to accept a simultaneous closing involving the payoff of HNGH's obligations to Happy State Bank regardless of the plain language of the Agreed Orders and/or finding that Appellant was required to take part and/or permit a simultaneous closing involving HNGH and Happy State Bank?

14. Did the court err by ruling that HNGH being misidentified as a Texas LLC instead of a Delaware LLC in the Deed in Lieu did not have to be corrected by HNGH in order to perform its obligations under the Agreed Orders including because it was an error that could have been supposedly easily corrected even though it was not ever corrected by HNGH?

15. Did the court err by ruling that the Note could be reinstated by HNGH including as part of the rescission instrument and/or when HNGH did not possess the Note?

16. Did the court err by not ruling that Appellant's obligation to payoff the debt to HNGH should have been extended and/or that Appellant's obligation to payoff the debt to HNGH was not a breach of its obligations because time was not of the essence to the Agreed Orders?

17. Did the court err by ordering that Appellant remove its Lis Pendens within seven days from entry of the Order?

18. Did the court err by ruling against Appellant's equitable-estoppel argument?

19. Did the court err by denying Appellant's request for appointment of an expert or mediator with expanded powers?

20. Did the court err in denying the Appellant's plan-related motions including Debtor's Order-Modification Motion [ECF No. 173] and Plan-Modification Motion [ECF No. 174]?

21. Did the court err by overruling Appellants objections when admitting HNGH's exhibits for the hearing scheduled on June 10, 2022 and to the extent certain exhibits were admitted but not for the truth of the matter asserted did the court err to the extent such exhibits were actually used for the truth of the matter asserted?

22. Did the court err by overruling Appellant's objections to certain testimony given by certain witnesses of HNGH?

23. Did the court err by sustaining numerous objections asserted by HNGH under the claim of "the document speaks for itself"?

24. Did the court err by sustaining HNGH's objections to the testimony of Appellant's expert witness, Marshall Dooley, and/or not permitting him to testify as to certain issues including the effectiveness of the "rescission deed" and application and/or interpretation of the Agreed Orders including as to the contemplated transaction?

Dated: October 13, 2022.

Respectfully submitted,

*/s/ Joyce W. Lindauer*

Joyce W. Lindauer
State Bar No. 21555700
Joyce W. Lindauer Attorney, PLLC
1412 Main Street, Suite 500
Dallas, TX 75202
Telephone: (972) 503-4033
Facsimile: (972) 503-4034

Khudabuksh K. Walji
State Bar No. 20691500
Law Office of K. Walji, P.C.
The Atrium Building
10701 Corporate Drive, Suite 350
Stafford, Texas, USA 77477
Telephone: (281) 401-9672

COUNSELS FOR DEBTOR

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on October 13, 2022, a true and correct copy of the foregoing document was served via email pursuant to the Court's ECF system upon the parties receiving electronic notice in this case listed below.

Jeffery D. Carruth
jcarruth@wkpz.com, jcarruth@aol.com; atty_carruth@trustesolutions.com;
carruthjr87698@notify.bestcase.com

Katherine T. Hopkins
katherine.thomas@kellyhart.com

John J. Kane
jkane@krcl.com, ecf@krcl.com;jkane@ecf.courtdrive.com

Sherrel K. Knighton
Sherrel.Knighton@lgbs.com, Dora.Casiano-Perez@lgbs.com; Olivia.salvatierra@lgbs.com;
Sean.French@lgbs.com;Dallas.Bankruptcy@lgbs.com

Joyce W. Lindauer
joyce@joycelindauer.com, dian@joycelindauer.com;12113@notices.nextchapterbk.com

Steven C. Metzger
smetzger@pmklaw.com

Russell Hale Neilson
hneilson@parkinslee.com, hneilson@ecf.courtdrive.com

Robin Eric Phelan
robin@phelanlaw.org

United States Trustee
ustpregion06.da.ecf@usdoj.gov

Kyle Woodard
kwoodard@krcl.com, KWoodard@ecf.courtdrive.com

*/s/ Joyce W. Lindauer*
Joyce W. Lindauer