Joyce W. Lindauer
State Bar No. 21555700
Joyce W. Lindauer Attorney, PLLC
1412 Main Street, Suite 500
Dallas, TX 75202
Telephone: (972) 503-4033
Facsimile: (972) 503-4034

Khudabuksh K. Walji
State Bar No. 20691500
Law Office of K. Walji, P.C.
The Atrium Building
10701 Corporate Drive, Suite 350
Stafford, Texas, USA 77477
Telephone: (281) 401-9672

COUNSELS FOR DEBTOR/APPELLANT

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **IN RE:** | § | |
| | § | |
| **2999TC ACQUISITIONS, LLC,** | § | **CASE NO. 21-31954-hdh11** |
| | § | |
| **Debtor** | § | **CHAPTER 11** |
| **2999TC ACQUISITIONS, LLC,** | § | |
| | § | |
| **Appellant** | § | |
| | § | |
| **v.** | § | |
| | § | |
| **HNGH TURTLE CREEK, LLC,** | § | |
| | § | |
| **Appellee** | § | |

**APPELLANT'S MOTION FOR STAY PENDING APPEAL**

TO THE UNITED STATES BANKRUPTCY JUDGE:

COMES NOW 2999TC Acquisitions, LLC, Debtor in the above-captioned bankruptcy case and Appellant with respect to the Order of the Court referenced below ("2999TC"), and pursuant to Federal Rules of Bankruptcy Procedure 8007, hereby files this Motion for Stay Pending Appeal, and would show the Court as follows:

1. The Court entered its *Order (a) granting in part and denying in part HNGH Turtle Creek, LLC's Motion to Enforce Agreed Orders; (b) denying the Debtor's plan-related motions; and (c) granting and denying ancillary relief* in the above-captioned adversary proceeding on September 28, 2022 (Doc. No. 283, the "Order").

2. 2999TC filed its Notice of Appeal of the Order on September 29, 2022 (the "Appeal", Doc. No. 284). The Appeal has not yet been docketed in the U.S. District Court for the Northern District of Texas. 2999TC hereby seeks a stay of the Order pending the Appeal.

3. **Applicable judicial standard.** The Fifth Circuit Court of Appeals set out the factors for granting a motion for stay pending appeal in *United States v. Transocean Deepwater Drilling, Inc.*, 537 F. App'x 358 (5th Cir. 2013):

> (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits;
>
> (2) whether the applicant will be irreparably injured absent a stay;
>
> (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and
>
> (4) where the public interest lies.

*Id.* at 360, citing *Nken v. Holder,* 556 U.S. 418, 434; 129 S. Ct. 1749 (2009).

4. **Issues on appeal.** Although Appellant filed its statement of the issues on appeal on October 13, 2022, an important issue will be whether the Bankruptcy Court erred in ruling that no adversary proceeding was necessary for the court to grant the relief requested by HNGH in its Motion to Enforce Agreed Orders ("Motion to Enforce")[1].

[1] See p. 21 of the Order for the Court's complete ruling.

5. **Factor 1: Appellant is likely to prevail on the merits.** There is a strong likelihood that 2999TC will prevail on the issue set out in paragraph 4 above. Fed Bankr. R. Pro. 7001(2) defines an **adversary** proceeding as including "a proceeding to determine the validity, priority, or extent of a lien or other interest in property". In the Order, the Court ruled that no adversary proceeding was necessary because the relief sought did not require a determination of interest in property, but merely the enforcement of prior agreed orders entered in December 2021 and March 2022 (Doc. Nos. 64 and 94, the "Agreed Orders").

6. Under the Agreed Orders, counsel for HNGH was authorized to release an executed deed in lieu of **foreclosure** he was holding in trust in the event 2999TC defaulted on certain obligations. The Court stated:

> Those orders contemplate Court resolution of just one simple, primary issue: Has there been a Default under the Agreed Orders or not? If there has been a Default by the Debtor, then HNGH owns the Property. On the other hand, if there has not been a Default, then the Debtor still owns the Property. The Court does not need, and the parties are not entitled to, yet another adversary proceeding to resolve that simple issue. Nor is an adversary proceeding required to consider the other relief HNGH requests (such as attorney's fees and release of the Lis Pendens), which is simply part of the Court's enforcement of its own orders.

*See* Order, p. 21. The Court concluded that the deed in lieu automatically took effect because the Appellant defaulted on its obligation in the Agreed Orders to pay Appellee before a certain deadline.[2] Therefore, the Court reasoned, there was no need to determine an interest in property, which can only occur in an adversary proceeding under Rule 7001. However, this reasoning does not acknowledge the fact that the ownership of the Property was hotly contested by 2999TC due to HNGH's material defaults of its own, and had clearly *not* been determined by the Agreed Orders.

[2] "The Debtor did not satisfy the Payoff Amount by the Extended Payoff Deadline, so there has been a "Default" under the Agreed Orders, and thus the Deed in Lieu—automatically—is deemed a valid, unavoidable prepetition transfer to HNGH. See Agreed Orders. In other words, HNGH now owns the Property." See Order, p. 21.

In fact, a determination of ownership *is exactly the relief that was requested by HNGH in the Motion to Enforce*. The Court summarized this requested relief as follows:

- a determination that HNGH is the owner of the Property based on the Default under the Agreed Orders;
- a determination that the Debtor must remove the Lis Pendens …

Order, p. 16.

7. **2999TC** contends that a "determination that HNGH is the owner of the Property" and "a determination that the Debtor must remove the Lis Pendens" are both "proceeding[s] to determine the validity, priority, or extent of a lien or other interest in property", even if the determination is made in the context of interpreting a prior order. Rule 7001(2) makes no exceptions for determinations of property interests in this particular context, or any other. To rule otherwise would circumvent the plain meaning of the Rule, which bankruptcy courts are not free to do. The Third Circuit, when faced with a similar issue (whether a lien can be invalidated in a plan of reorganization without an adversary proceeding), said:

> Federal Rule of Bankruptcy Procedure 7001 sets forth matters that may only be resolved through an "adversary proceeding," including the determination of the "validity, priority, or extent of a lien or other interest in property." Fed. R. Bankr. P. 7001(2). An adversary proceeding is essentially a self-contained trial -- still within the original bankruptcy case -- in which a panoply of additional procedures apply. *See* Fed. R. Bankr. P. 7001-7087. Many of these procedures derive in whole or in part from the Federal Rules of Civil Procedure, giving an adversary proceeding all the trappings of traditional civil litigation. … *The Rules are binding and courts must abide by them unless there is an irreconcilable conflict with the Bankruptcy Code… McKay*[3] confirms that *when an adversary proceeding is required under Rule 7001(2), courts are not free to disregard the Rule*.

*SLW Capital, LLC v. Mansaray-Ruffin (In re Mansaray-Ruffin),* 530 F.3d 230, 234 (3d Cir. 2008) (emphasis added).

[3] Referring to *In re McKay*, 732 F.2d 44, 47-48 (3d Cir. 1984).

8. **The "serious legal issue" standard.** Given the above authorities, 2999TC believes it has made "a strong showing that it is likely to succeed on the merits", as required in the *Transocean* case cited above. However, the *Transocean* court also acknowledged that "the movant need not always show a 'probability' of success on the merits."[4] The Court cited to its prior decision in *Ruiz v.* **Estelle**[5] for the proposition that "the movant need only present a substantial case on the merits when a serious legal question is involved and show that the balance of the equities weighs heavily in favor of granting the stay".[6] 2999TC submits that, at the very least, it is a "serious legal issue" as to whether this Court can override Rule 7001(2) to determine an interest in property without an adversary proceeding in the context of interpreting a prior order. Therefore, a stay pending appeal is appropriate if the "balance of the equities", i.e., a consideration of the other three equitable factors set out in *Transocean*[7], favor 2999TC. Those factors are considered below.

9. **Factor 2: Irreparable harm to the appellant.** The bankruptcy case of 2999TC centers around a valuable parcel of real property owned by the Debtor on which it endeavors to build a luxury **hotel** and condominium project (the "Property"). The Property is some of the most valuable land in Dallas, Texas, and is adjacent to several luxury hotels, apartment buildings and high-end office buildings. Under its confirmed plan of reorganization (the "Plan"), 2999TC was to fund the development of the Property with new financing that would be sufficient to pay off its current creditors and commence construction. However, under the Order, HNGH has been determined to be the new owner of the Property, free and clear of any claim by 2999TC. Stripped

---

4 *United States v. Transocean Deepwater Drilling, Inc.*, 537 F. App'x 358, 360 (5th Cir. 2013).

5 *Ruiz v. Estelle* (*Ruiz I*), 650 F.2d 555 (5th Cir. Unit A June 1981) (*per curiam*).

6 *Id.* at 565

7 See *Transocean* at p. 361.

of its only significant asset, 2999TC cannot obtain new financing or repay its creditors and will have no assets with which it can conduct future business. The effect of the Order is existential for 2999TC. If the Order is not stayed on appeal it will result in the complete and irrevocable destruction of 2999TC's business, present and future. Even in the event the appeal is successful, the harm caused by the Order could not be reversed. These circumstances clearly meet the elements of factor (2) of the Fifth Circuit's *U.S. v. Transocean* opinion.

10. **Factor 3: No harm to HNGH.** The third factor requires a showing that the appellee will not be **substantially** harmed by a stay pending appeal. Here, HNGH has never owned the Property, and will not be harmed if the status quo does not change during the pendency of the appeal. The situation will remain the same as it was before the Order was entered, i.e., the Debtor will still be obligated to HNGH under its loan agreements and HNGH will still be a creditor. If the Order is reversed on appeal and the Debtor completes its refinancing, consummates its plan, and repays HNGH and its other creditors, HNGH will have lost nothing and will be made whole.

11. **Factor 4: Public interest.** The fourth factor requires a showing that the public interest will be served by the granting of the stay. It is in the public interest that bankruptcy estates such as the 2999TC's be maximized for the benefit of creditors and other parties-in-interest, which the Order does not accomplish. Considering the harmful effect the Order would have on 2999TC, its creditors other than HNGH, and parties in interest, the public interest would be served by granting a stay pending appeal.

12. **Supersedeas bond.** Should the Court deem it necessary, 2999TC will post a supersedeas bond with the Clerk of the Court to compensate HNGH in the event a stay pending appeal is **granted** and 2999TC does not prevail on appeal. 2999TC submits that the appropriate amount of such a bond should be minimal, considering that the Property has not been developed

to its highest and best use as contemplated in 2999TC's plan of reorganization. Even if the Court disagrees with 2999TC's assertion that it has met all the standards for a stay pending appeal, the posting of an appropriate bond will hold HNGH harmless and should be granted to afford 2999TC the opportunity to pursue the Appeal without the devastating effect the Order would have if it were not stayed. Judge Brenda Rhoades in the United States Bankruptcy Court for the Eastern District of Texas, Sherman Division recently ruled on a request for stay pending appeal and while finding that the requirements for a stay were not met did find that the posting of a bond was sufficient to grant a stay pending appeal. See Order Granting Motion for Stay Pending Appeal [Docket No. 81] entered on June 9, 2022, in *Jennifer C. Ruff v. Suzann Ruff, et al.*, Adversary No. 21-4003, United States Bankruptcy Court, Eastern District of Texas, Sherman Division, attached hereto as Exhibit "A."

WHEREFORE, PREMISES CONSIDERED, Appellant requests the Court to enter an order staying the Order pending resolution of the Appeal, and for such other relief as is just.

Dated: October 14, 2022.

Respectfully submitted,

*/s/ Joyce W. Lindauer*

Joyce W. Lindauer
State Bar No. 21555700
Joyce W. Lindauer Attorney, PLLC
1412 Main Street, Suite 500
Dallas, TX 75202
Telephone: (972) 503-4033
Facsimile: (972) 503-4034

Khudabuksh K. Walji
State Bar No. 20691500
Law Office of K. Walji, P.C.
The Atrium Building
10701 Corporate Drive, Suite 350
Stafford, Texas, USA 77477
Telephone: (281) 401-9672

COUNSELS FOR DEBTOR/APPELLANT

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on October 14, 2022, a true and correct copy of the foregoing document was served via email pursuant to the Court's ECF system upon the parties listed below.

Jeffery D. Carruth
jcarruth@wkpz.com, jcarruth@aol.com; atty_carruth@trustesolutions.com;
carruthjr87698@notify.bestcase.com

Katherine T. Hopkins
katherine.thomas@kellyhart.com

John J. Kane
jkane@krcl.com, ecf@krcl.com;jkane@ecf.courtdrive.com

Sherrel K. Knighton
Sherrel.Knighton@lgbs.com, Dora.Casiano-Perez@lgbs.com;Olivia.salvatierra@lgbs.com;Sean.French@lgbs.com;Dallas.Bankruptcy@lgbs.com

Joyce W. Lindauer
joyce@joycelindauer.com, dian@joycelindauer.com;12113@notices.nextchapterbk.com

Steven C. Metzger
smetzger@pmklaw.com

Russell Hale Neilson
hneilson@parkinslee.com, hneilson@ecf.courtdrive.com

Robin Eric Phelan
robin@phelanlaw.org

United States Trustee
ustpregion06.da.ecf@usdoj.gov

Kyle Woodard
kwoodard@krcl.com, KWoodard@ecf.courtdrive.com

*/s/ Joyce W. Lindauer*
Joyce W. Lindauer

EOD
06/09/2022

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| JMV HOLDINGS LLC | § | CASE NO. 18-42552 |
| | § | (Chapter 7) |
| DEBTOR | § | |
| | § | |
| | § | |
| JENNIFER C. RUFF, Plaintiff, | § | |
| | § | |
| | § | |
| v. | § | ADVERSARY NO. 21-4003 |
| | § | |
| SUZANN RUFF AND CHRISTOPHER J. MOSER, CHAPTER 7 TRUSTEE Defendants. | § | |
| | § | |
| | § | |

**ORDER GRANTING MOTION FOR STAY PENDING APPEAL**

This adversary proceeding is before the Court on a "Motion to Stay Pending Appeal" (ECF 69) filed by the plaintiff, Jennifer Ruff, with respect to this Court's "Findings of Fact and Conclusions of Law" (ECF 56) and "Judgment" (ECF 57) entered on March 31, 2022. The defendants, Suzann Ruff and Christoph J. Moser, the chapter 7 trustee, oppose the plaintiff's motion. In addition, in the main bankruptcy case, the chapter 7 trustee filed a "Motion for Authority to Disburse Funds" (ECF 90), which the plaintiff opposes. The Court conducted a consolidated hearing on the contested motions on June 2, 2022. The Court, having considered the evidence and arguments presented by the parties at the June 2nd hearing, exercises its jurisdiction over this matter and makes the following findings of fact and conclusions of law. *See* 28 U.S.C. §§ 157 and 1334.

Under Bankruptcy Rule 8007, a party seeking a stay of a judgment, order, or decree of the bankruptcy court pending appeal must first move for relief in the bankruptcy court. FED. R.



EXHIBIT "A"

BANKR. P. 8007(a)(1). When considering a Bankruptcy Rule 8007(a)(1)(A) motion for a discretionary stay pending appeal, courts look at: (1) whether the movant has made a showing of likelihood of success on the merits; (2) whether the movant has made a showing of irreparable injury if the stay is not granted; (3) whether the granting of the stay would substantially harm the other parties; and (4) whether the granting of the stay would serve the public interest. *In re First South Savings Ass'n*, 820 F.2d 700, 709 (5th Cir. 1987). The party requesting a stay has the burden of showing that circumstances justify an exercise of the court's discretion to grant a stay pending appeal. *Nken v. Holder,* 556 U.S. 418, 433-34 (2009).

In this case, the plaintiff failed to show a likelihood of success on the merits. The plaintiff, however, has agreed to post a bond pending her appeal. In light of the plaintiff's agreement, the Court will grant the plaintiff's request for a stay pending appeal on the condition that the plaintiff post a cash bond in the amount of $57,900, which the Court finds is sufficient to protect the defendants from the costs that will be charged against the disputed funds during the appeal, on or before June 7, 2022, in accordance with Bankruptcy Rule 8007(a)(1)(B).

**IT IS THEREFORE ORDERED** that the plaintiff's "Motion to Stay Pending Appeal" (ECF 69) is **GRANTED** as set forth herein;

**IT IS FURTHER ORDERED** that the Judgment entered in the above-captioned adversary proceeding on March 31, 2022 (ECF 57) shall be stayed in all respects pending resolution of the appeal docketed as Case No. 4:44-cv-321 in the U.S. District Court for the Eastern District of Texas provided that, on or before June 7, 2022, the plaintiff posts a cash bond with the chapter 7 trustee in the amount of $57,000;

**IT IS FURTHER ORDERED** that in the event the plaintiff fails to post a cash bond with the chapter 7 trustee by June 7, 2022, the chapter 7 trustee's "Motion for Authority to Disburse

Funds" (ECF 90, Case No. 18-42552) is hereby scheduled for an oral ruling on the record on **June 21, 2022 at 9:30am at the Bankruptcy Court, 660 N. Central Expwy, Third Floor, Plano Texas 75074.**

Signed on 06/09/2022

Brenda T. Rhoades SD

HONORABLE BRENDA T. RHOADES,
CHIEF UNITED STATES BANKRUPTCY JUDGE