John J. Kane (SBN 24066794)
S. Kyle Woodard (SBN 24102661)
**KANE RUSSELL COLEMAN LOGAN PC**
901 Main Street, Suite 5200
Dallas, Texas 75202
Tel.: (214) 777-4200
Fax: (214) 777-4299
Email: jkane@krcl.com
Email: kwoodard@krcl.com

*Counsel for HNGH Turtle Creek, LLC*

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **In re:** | § | |
| | § | |
| **2999TC ACQUISITIONS, LLC,** | § | **Case No. 21-31954-swe11** |
| | § | |
| **Debtor.** | § | **Chapter 11** |

# HNGH TURTLE CREEK, LLC'S MOTION FOR SANCTIONS AND CONTEMPT OF COURT AGAINST THE DEBTOR AND TIMOTHY BARTON

**[Relates to Docket No. 283]**

HNGH Turtle Creek, LLC ("**HNGH**") submits this *Motion for Sanctions and Contempt of Court* (the "**Motion**") against 2999TC Acquisitions, LLC (the "**Debtor**") and Timothy Barton ("**Barton**") for their respective failure to comply with this Court's *Order (a) granting in part and denying in part HNGH Turtle Creek, LLC's Motion to Enforce Agreed Orders; (b) denying the Debtor's plan-related motions; and (c) granting and denying ancillary relief* (the "**Enforcement Order**") [Dkt. No. 283]. In support of its Motion, HNGH respectfully states as follows:

## SUPPORTING FACTS

1. In its Enforcement Order, the Court ruled that "The Debtor shall have no further right, title, or interest in the Property, nor any lien, claim, encumbrance, or cloud on title against the Property." ENFORCEMENT ORDER, p. 48. The Court further ordered that "HNGH is now the owner

of the Property…" Accordingly, following the entry of the Enforcement Order, HNGH has begun to take steps necessary to secure the Property, identify potential tenants, and if necessary, commence forcible entry and detainer proceeding against the Property's inhabitants.

2. As a preliminary step, HNGH retained Michael C. Turner of J. Elmer Turner, Realtors, Inc. to serve as a leasing and property manager for the Property. Mr. Turner is working with HNGH's counsel to ensure an orderly entry onto the Property, and to provide notice to inhabitants of HNGH's ownership and developments regarding the Property.

3. On October 13, 2022, Mr. Turner and his son, Logan Turner, visited the Property in preparation for certain property management activities, and to determine whether—and by whom—the Property was inhabited. Upon arriving at the lobby of the Property, Mr. Turner was met by Barton, an unknown woman, and a security guard. Mr. Barton instructed the security guard not to allow Mr. Turner or Logan Turner beyond the lobby. The security guard became insistent that Mr. Turner and Logan Turner then exit the Property, forcing them to wait outside the entrance to the office building on the Property while Barton summoned attorney Mike Edney, an attorney out of the Washington D.C. office of Hunton Andrews Kurth.

4. On information and belief, Mr. Edney is Barton's personal criminal attorney, does not represent the Debtor, does not represent Barton in these bankruptcy proceedings, and was engaged to assist with Barton's indictment and pending criminal case styled *United States of America v. Timothy Lunch Barton*, Criminal Case No. 3-22-CR-0352-K, in which Barton is accused of: seven counts of wire fraud; conspiracy to commit wire fraud; and securities fraud.

5. Though Mr. Edney has no known representation related to these bankruptcy proceedings, he and Barton instructed Mr. Turner that "papers were filed" entitling Barton to remain in possession of the Property, that HNGH was not allowed on the Property, and that HNGH and its

representatives, including Mr. Turner, would not be provided further access to the Property.[1] In order to keep the peace, Mr. Turner and Logan Turner then left the Property and promptly informed HNGH and its representatives of what took place. Mr. Turner's Affidavit detailing his experience is attached hereto as **Exhibit A**.

6. Contrary to Mr. Edney and Mr. Barton's statements, the Debtor has not filed any pleadings that preclude HNGH from entering the Property. A cursory review of this Court's docket, and Judge Starr's docket, show that the Debtor has not moved for a stay pending appeal. Moreover, even if it had, no stay has yet been granted. As a result, the Enforcement Order remains in full force and effect.

7. Barton's behavior is exactly that anticipated by HNGH and forecast to this Court in prior pleadings and hearings. Despite the existence of a final, enforceable order against the Debtor, Barton chose to deprive HNGH of its property rights. Though this Court could not have made it clearer that the Debtor no longer has *any* right, title, or interest in the Property, Barton claims that he and the Debtor may remain in possession, kicking HNGH's representatives out like common trespassers.

8. To be clear, Barton's disregard for this Court's Enforcement Order is selective. Where compliance inures to his benefit, he has proven an ability to comply. The Enforcement Order required the Debtor "to remove its Lis Pendens, Instrument Number 202100333511 from the Property." ENFORCEMENT ORDER, p. 48. If Barton believed pleadings had been filed excusing his compliance with the Court order, it seems very unlikely Barton would have instructed Debtor's counsel to file the requisite instrument necessary to remove the Lis Pendens. After all, a cloud on title might hinder HNGH's use of the Property.

[1] Mr. Edney contacted undersigned counsel on October 14, 2022 to clarify that he recalled instructing Mr. Turner that the Enforcement Order had been appealed.

9. Importantly, however, the Enforcement Order requires HNGH to dismiss its guaranty suit against Barton with prejudice to refiling once the Debtor removes its Lis Pendens *See* ENFORCEMENT ORDER, p. 48. With that personal benefit in sight, Barton executed and had his counsel file a *Removal of Original Notice of Lis Pendens*, recorded as instrument number 202200270059 on October 13, 2022 in the Official Records of Dallas County, Texas (the "**Removal of Lis Pendens**").[2] A copy of the Removal of Lis Pendens is attached hereto as **Exhibit B**.

10. Barton and the Debtor's disregard for this Court's Enforcement Order should not go unpunished. Until the Enforcement Order is no longer in full force and effect—if ever—Barton and the Debtor should be obligated by law to comply with the its terms. Barton's wanton disregard for this Court's order and authority warrants sanctions, and Barton should be held in contempt of court for his ongoing violation of the Court's Enforcement Order.

11. By this Motion, HNGH requests that the Court enter an order granting this Motion in a form substantially similar to that attached hereto as **Exhibit C**, sanctioning Barton and the Debtor $20,000,[3] payable to HNGH not later than three (3) business days after entry of the order, and holding Barton in contempt of court until he or the Debtor have made their sanctions payment.

## ARGUMENTS AND AUTHORITIES

12. Section 105(a) of the Bankruptcy Code makes clear that a court may take any action or make any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process. *See* 11 U.S.C. § 105(a). Courts therefore have express statutory authority to take actions and issue orders necessary to enforce their pre-existing rulings, including the

[2] With the Removal of Lis Pendens now filed (even if nearly a week after the Court's ordered deadline and only after follow up by HNGH's counsel), HNGH is filing the documents necessary to dismiss its personal guaranty suit against Barton with prejudice, as required by the Enforcement Order.

[3] HNGH contemplates that its attorneys' fees incurred as a result of Mr. Barton's interference and the necessity of this Motion and a related hearing will total $15,000 to $20,000 given the preparation of pleadings, a likely hearing, and witness preparation, consisting of approximately 30-40 hours of work at a blended rate of $500/hour.

issuance of sanctions and ability to hold parties in contempt of court. *See Burd v. Walters (In re Walters)*, 868 F.2d 665, 669 (4th Cir. 1989); *In re Rimsat, Ltd.*, 212 F.3d 1039, 1048-49 (7th Cir. 2000) (citing *Chambers v. NASCO, Inc.*, 501 U.S. 32, 50 (1991)); *In re Sanchez*, 372 B.R. 289, 310 (Bankr. S.D. Tex. 2007); *See Matter of Terrebonne Fuel & Lube, Inc.*, 108 F.3d 609 (5th Cir. 1997) ("Reading [§ 105(a)] under its plain meaning, we conclude that a bankruptcy court can issue any order, including a civil contempt order, necessary or appropriate to carry out the provisions of the bankruptcy code.").

13. As held by the United States Supreme Court, section 105(a) of the Bankruptcy Code grants broad authority "to bankruptcy judges to take any action that is necessary or appropriate to prevent an abuse of process…" and grants bankruptcy courts broad authority to sanction abusive litigation practices. *Marrama v. Citizens Bank of Mass.*, 549 U.S. 365, 375-376 (2007). As addressed by the Eleventh Circuit Court of Appeals, the broad authority granted to bankruptcy courts under section 105(a) may allow them to grant monetary or injunctive relief "necessary or appropriate" to carry out the Bankruptcy Code, to enforce or implement court orders or rules, or to prevent an abuse of process. *See Jove Engineering, Inc. v. I.R.S.*, 92 F.3d 1539, 1554 (11th Cir. 1996).

14. A knowing violation of a federal court order may subject a party to contempt of court. *Piggly Wiggly Clarksville, Inc. v. Mrs. Baird's Bakeries*, 177 F.3d 380 (5th Cir. 1999). A party seeking an order of civil contempt must establish by clear and convincing evidence that: (1) a court order was in effect; (2) the order required certain conduct of the non-moving party; and (3) the non-moving party failed to comply with the court's order. *Brown v. Bridges*, No. 12-CV-4947-P, 2015 WL 410062, at *12 (N.D. Tex. Jan. 30, 2015). If a non-moving party is not in compliance with the court's order, the burden shifts to the non-moving party to demonstrate compliance, demonstrate an inability to comply, or present other relevant defenses. In re De La Fuente, 430 B.R. 764, 785 (Bankr. S.D. Tex. 2010).

15. In this case, the Enforcement Order confirmed that the Debtor has no right, title, or interest in the Property. It also confirmed that HNGH is the owner of the Property. Barton and the

Debtor knowingly ignored the Court's ruling by precluding HNGH from entering its property, knowingly and falsely claiming that the Debtor had a right to continued possession of the Property.

16. While the Debtor may have appealed the Enforcement Order, a bankruptcy court's order is effective when entered. Fed. R. Bankr. P. 9021. The Debtor is well-represented by counsel, and knows that. The Debtor and Barton's actions can only be described as yet another effort to frustrate HNGH's attempts to take possession of the Property. Because the Debtor and Barton are in clear and willful contempt, it is well within the Court's discretion to impose sanctions. *See Terrebonne*, 108 F.3d 613. ("The bankruptcy court's decision to impose sanctions is discretionary…").

## PRAYER

**WHEREFORE**, for the reasons stated herein, HNGH respectfully requests that this Court grant its Motion, sanction the Debtor and Barton, and hold Barton in contempt of court until he or the Debtor has paid any sanctions required by this Court.

DATED: October 14, 2022

Respectfully submitted,

**KANE RUSSELL COLEMAN LOGAN PC**

By: */s/ John J. Kane*

**John J. Kane**
State Bar No. 24066794
**S. Kyle Woodard**
State Bar No. 24102661
Bank of America Plaza
901 Main Street, Suite 5200
Dallas, Texas 75202
Tel.: (214) 777-4200
Fax: (214) 777-4299
Email: jkane@krcl.com
Email: kwoodard@krcl.com

***Counsel for HNGH Turtle Creek, LLC***

**CERTIFICATE OF SERVICE**

I hereby certify that on October 14, 2022, a true and correct copy of the foregoing document was filed with the Court and served via the Court's electronic case filing system (ECF) upon all parties receiving such electronic service in this proceeding.

*/s/ John J. Kane*
John J. Kane

**CERTIFICATE OF CONFERENCE**

I hereby certify that on October 14, 2022, I provided a copy of this Motion to counsel for the Debtor, Joyce Lindauer, and counsel for Barton, Steve Metzger. I was informed by counsel for the Debtor that Mr. Metzger was unavailable to respond. I was instructed by Debtor's counsel that the Debtor opposes the Motion. I assume that Barton also opposes the Motion and was contacted by Barton's criminal counsel, Mr. Edney regarding statements included in the draft Motion.

*/s/ John J. Kane*
John J. Kane