# EXHIBIT B

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>*Plaintiff*,<br><br>v.<br><br>TIMOTHY BARTON, et al.,<br><br>*Defendants*,<br><br>DJD LAND PARTNERS, LLC, and LDG001, LLC,<br><br>*Relief Defendants*. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Civil Action No. 3:22-CV-2118-X |

**ORDER**

Before the Court is the Receiver's Motion to Approve Settlement Agreement with HNGH Turtle Creek, LLC. [Doc. 210]. After carefully considered the motion, the Court **GRANTS** the motion and **APPROVES** the Settlement Agreement, finding that it is fair and equitable and in the best interests of the Receivership Estate.

Furthermore, the Court **LIFTS THE STAY** of *In re 2999TC Acquisitions, LLC*, Case No. 21-31954 in the U.S. Bankruptcy Court for the Northern District of Texas (the "Bankruptcy Case"), *2999TC Acquisitions, LLC v. HNGH Turtle Creek, LLC*, Case No. 3:22-cv-02186-X in the U.S. District Court for the Northern District of Texas (the "Appeal"), and *2999TC Acquisitions, LLC v. HNGH Turtle Creek, LLC*, Case No. 22-03061 in the U.S. Bankruptcy Court for the Northern District of Texas (the "Second Adversary Proceeding), so that the Debtor and HNGH can take all necessary

steps to dismiss the Appeal, dismiss the Second Adversary Proceeding, and close the Bankruptcy Case.

Relatedly, Barton filed an Objection to the Receiver's Notice of Intended Auction of the Contents of 2999 Turtle Creek Blvd. and Cross-Motion for Preliminary Injunction Against the Auction. [Doc. 223]. The Receiver responded and moved to strike Barton's cross-motion for preliminary injunction. [Doc. 226]. Having considered both motions, the Court **OVERRULES** Barton's objection to the intended auction subject to the directions below, **GRANTS** the Receiver's motion, **DENIES** Barton's request for a hearing, and **STRIKES** Barton's request for a preliminary injunction.

As to the Receiver's intended auction, the Court finds that auctioning the contents of 2999 Turtle Creek Blvd. (the "Office Contents"), the prior office location for JMJ Development LLC and other Receivership Entities, is in the best interest of the Receivership Estate because it maximizes the value of the Office Contents while avoiding the costs of moving and storing the Office Contents. The Court also finds that Barton has failed to present any evidence demonstrating that any of the Office Contents are not Receivership Assets or are otherwise improperly included in the proposed auction. Though the Receiver has repeatedly requested that Barton submit proof of his ownership of the items he claims, Barton has so far failed to do so.

Within one (1) calendar day of the date of this Order, the Court **ORDERS** Barton to provide sworn statements attesting to his ownership of the specific items he claims are his personal property. The Receiver may not auction any such items if

Barton timely demonstrates his ownership as ordered. Subject to that limitation, the Court **AUTHORIZES** the Receiver to proceed with an auction to sell the Office Contents as identified in the Receiver's Notice.[1]

Finally, Barton's cross-motion for a preliminary injunction cannot proceed for at least two reasons. First, it requests the same relief, and on the same grounds, that the Court has already denied multiple times, and the Fifth Circuit has already denied once: a stay of the Receiver's activities pending appeal or final judgment. The Receiver's activities are already subject to Court approval and authorization, so this request is duplicative and wasteful to the Receivership Estate. And second, the Court clearly set out the procedure by which the Receiver may auction personal property, and the Receiver has so far acted in accordance with that procedure. Barton's request is therefore inconsistent with the Court's clear directions for the treatment of personal property.[2] Accordingly, the Court **GRANTS** the Receiver's motion and **STRIKES** Barton's cross-motion for a preliminary injunction.

**IT IS SO ORDERED** this 15th day of May, 2023.

BRANTLEY STARR
UNITED STATES DISTRICT JUDGE

[1] Doc. 213.

[2] Doc. 63.