Joyce W. Lindauer
State Bar No. 21555700
Joyce W. Lindauer Attorney, PLLC
1412 Main Street, Suite 500
Dallas, Texas 75202
Telephone: (972) 503-4033
Facsimile: (972) 503-4034

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| In re:<br><br>2999TC ACQUISITIONS, LLC,<br><br>Debtor. | Chapter 11<br><br>Case No. 21-31954-swe |

**JOYCE W. LINDAUER ATTORNEY, PLLC'S RESPONSE TO RECEIVER'S OMNIBUS REPLY IN SUPPORT OF MOTION FOR ENTRY OF FINAL DECREE**

Comes now Joyce W. Lindauer Attorney, PLLC ("JWL"), a party in interest and attorney for the Debtor in the above captioned case, and files this its Response to the *Omnibus Reply in Support of Motion for Entry of Final Decree* (Doc. No. 311, the "Reply") filed by Cortney C. Thomas as receiver for 2999TC Acquisitions, LLC (the "Receiver"), and would show the Court as follows:

1. The Receiver filed a *Motion for Final Decree* herein on June 14, 2023 (the "Motion for Final Decree", Dkt. No. 307). Attached to the Motion for Final Decree is a copy of a *Verified Motion to Approve Settlement Agreement* filed in the Receivership Case[1] in which the Receiver states that he has received or will receive $2,500,000.00 (the "Settlement Fund") from HNGH Turtle Creek, LLC ("HNGH") in a settlement of the following three disputes: (1) the ownership and rightful possession of the Property; (2) the amount due to HNGH under the Loan Documents;

[1] Case No. 3:22-cv-2118-X in the U.S. District Court for the Northern District of Texas.

and (3) claims and causes of action the Receiver may have possessed against HNGH on behalf of the Receivership Entities and their respective estates.[2]

2. Although the Reply clearly states that the Settlement Fund was created as the result of three separate disputes, in the Reply, the Receiver does an about-face by claiming that the settlement was solely based on causes of action for alleged fraudulent transfers, i.e., the third dispute listed in the *Motion for Final Decree*, i.e., "claims and causes of action the Receiver may have possessed against HNGH on behalf of the Receivership Entities and their respective estates."[3] This ignores the other two factors: the ownership of the Property and the amount due under the Loan Documents. These disputes are the same issues litigated by the Debtor and its counsel, JWL, in multiple adversary proceedings and other proceedings before this Court.[4] The Receiver did nothing to enhance the arguments already made by JWL on behalf of the Debtor, and JWL is entitled to be compensated from the Settlement Fund, which is property of the estate under 11 U.S.C. Section 541(a)(6) because it is comprised of proceeds from this very litigation.

3. To the extent the Receiver seeks to emphasize the supposed settlement of alleged post-petition fraudulent transfers as the most important factor in the settlement, that is inaccurate. In fact, there were no fraudulent transfers, as pointed out by the Receiver himself. As the Receiver states in paragraph 4 of the Reply, 11 U.S.C. Sec. 549(a) does not permit avoidance of transfers

---

[2] See p. 8, paragraph 25 of the Motion to Approve Settlement Agreement attached as Exhibit A to the Motion for Final Decree. See also the second paragraph Settlement and Release Agreement attached to the *Verified Motion to Approve Settlement Agreement*: "During the Mediation, the Parties, with the assistance of an experienced retired bankruptcy judge, extensively negotiated at arm's length and in good faith and now desire to enter into this Settlement Agreement to resolve and confirm, with certainty, *all issues regarding the ownership of the Property*, the Receiver's occupation of the Property, the validity of the Transfers, and all other claims and causes of action that could be asserted by the Receiver and the Receivership Entities against HNGH …" [emphasis added].

[3] At p. 1 of the Reply, the Receiver states that "The claims that were settled, and which gave rise to the Settlement Obligation, were post-petition, state-law fraudulent transfer claims …".

[4] A description of some of the litigation in which JWL represented the Debtor against HNGH, including two adversary proceedings and multiple motions, which litigation resulted in the Settlement Funds, are described in the "Background" section of the Motion for Final Decree at pp. 3-6.

approved by the Court. In the words of the Receiver: "Even if the payments were made with actual or constructive fraudulent intent, the Receiver faces the significant hurdle of overcoming HNGH's good-faith defense because these payments were made by Receivership Entities pursuant to court orders"[5] [citing Tex. Bus. & Commerce Code § 24.009 ("A transfer or obligation is not voidable under Section 24.005(a)(1) of this code against a person who took in good faith and for a reasonably equivalent value or against any subsequent transferee or obligee.")]. Given this flaw in the Receiver's fraudulent transfer claims, HNGH could not have given much settlement value to such claims and was concerned instead with the disputes vigorously litigated by JWL, i.e., the ownership of the Property and the amount due under the Loan Documents. These issues were part of the pending appeal that would have been prosecuted but for the settlement.

4. The Receiver argues that the fraudulent transfer claims, even if true, do not belong to the Debtor's bankruptcy estate because they were allegedly post-petition causes of action. See p. 3, para. 4 of the Reply. This is contrary to the Settlement Agreement itself, which identifies the alleged fraudulent transfers as arising pursuant to the Forbearance Agreement between the Debtor and HNGH, which was a pre-petition agreement dated March 21, 2021[6]. This argument also directly contradicts 11 U.S.C. Sec. 541(a)(7), which includes in the definition of property of the estate "Any interest in property that the estate acquires after the commencement of the case."

WHEREFORE, PREMISES CONSIDERED, JWL requests the Court to deny the Motion for Final Decree and grant JWL such other and further relief to which it is justly entitled.

---

[5] *See* Section 3, p. 15 of the Motion to Approve Settlement Agreement attached as Exhibit A to the Motion for Final Decree.

[6] See first paragraph on page 5 of the Settlement and Release Agreement attached to the *Verified Motion to Approve Settlement Agreement* filed in the Receivership Case: "The alleged fraudulent transfers total approximately $6.2 million dollars but include transfers from the Debtor and payments made pursuant to the Forbearance Agreement and the Agreed Orders (the "Transfers")."

Dated: July 18, 2023.

Respectfully submitted,

*/s/ Joyce W. Lindauer*
Joyce W. Lindauer
State Bar No. 21555700
Joyce W. Lindauer Attorney, PLLC
1412 Main St., Suite 500
Dallas, Texas 75202
Telephone: (972) 503-4033
Facsimile: (972) 503-4034
joyce@joycelindauer.com
ATTORNEY FOR DEBTOR

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on July 18, 2023, a true and correct copy of the foregoing document was served via email pursuant to the Court's ECF system upon the parties receiving electronic notice in this case listed below.

C. Alan Carrillo
alan@brownfoxlaw.com

Jeffery D. Carruth
jcarruth@wkpz.com; jcarruth@aol.com; atty_carruth@trusteesolutions.com; carruthjr87698@notify.bestcase.com; atty_carruth@bluestylus.com

Katherine T. Hopkins
katherine.thomas@kellyhart.com

John J. Kane
jkane@krcl.com, ecf@krcl.com;jkane@ecf.courtdrive.com

Sherrel K. Knighton
Sherrel.Knighton@lgbs.com, Dora.Casiano-Perez@lgbs.com;Sean.French@lgbs.com;Dallas.Bankruptcy@lgbs.com

Charlene Cantrell Koonce
charlene@brownfoxlaw.com

Steven C. Metzger
smetzger@pmklaw.com

Russell Hale Neilson
hneilson@parkinslee.com, hneilson@ecf.courtdrive.com

Robin Eric Phelan
robin@phelanlaw.org

Cortney C. Thomas
cort@brownfoxlaw.com; korourke@brownfoxlaw.com

United States Trustee
ustpregion06.da.ecf@usdoj.gov

Kyle Woodard
kwoodard@krcl.com, KWoodard@ecf.courtdrive.com

*/s/ Joyce W. Lindauer*
Joyce W. Lindauer