Robin Phelan
State Bar No. 15903000
PHELANLAW
4214 Woodfin Drive
Dallas, Texas 75220
Telephone: (214) 7040222
Email: robin@phelanlaw.org

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| In re:<br><br>2999TC Acquisitions, LLC,<br><br>Debtor. | Chapter 11<br><br>Case No. 21-31954-swe |

**RESPONSE TO RECEIVER'S MOTION TO WITHDRAW THE REFERENCE OF MOTION FOR ENTRY OF FINAL DECREE CLOSING CHAPTER 11 BANKRUPTCY CASE**

PHELANLAW, a creditor of the Debtor in the above captioned case, files this Response to Receiver's Motion to Withdraw the Reference Of Motion For Entry Of Final Decree Closing Chapter 11 Bankruptcy Case (the "Motion") filed by Cortney C. Thomas as receiver for 2999TC Acquisitions, LLC (the "Receiver"), and represents:

1. The Receiver filed the Motion on July 18, 2025, Dkt. No. 338), over two years after the Receiver's motion to close this Chapter 11 case (the "Close Motion"). Attached to the Close Motion is a copy of a *Verified Motion to Approve Settlement Agreement* filed in the Receivership Case[1] in which the Receiver states that he has received, or will receive, $2,500,000.00 from HNGH Turtle Creek, LLC ("HNGH") in a settlement of the following disputes: (1) the ownership and rightful possession of the Property; (2) the amount due to HNGH

[1] Case No. 3:22-cv-2118-X in the U.S. District Court for the Northern District of Texas.

under the Loan Documents; and (3) claims and causes of action the Receiver may have possessed against HNGH on behalf of the Receivership Entities and their respective estates.[2]

2. The disputes that were settled involved causes of action which belonged to the Debtor and resulted in a settlement of $2,500,000 (the "Settlement")

3. The Settlement belongs to the Debtor.

4. Under 11 U.S.C. Sections 541(a)(1) and (7), the property of the Debtor's estate consists of all property the Debtor owned as of the petition date, or thereafter acquired, including the causes of action against HNGH. The Settlement constitutes proceeds of those causes of action which belong to the estate under 11 U.S.C. Section 541(a)(6).

5. While PHELANLAW does not object to the Motion, it is clear that creditors of the Debtor must be paid from the Settlement Fund.

6. PHELANLAW was retained by the reorganized Debtor on June 7, 2022, for the limited purpose of assisting in connection with the interpretation of a specific court order. PHELANLAW had no prior contact with the Debtor or any of its principals, management, or affiliates. The engagement terminated on June 30, 2022. Robin Phelan, the sole attorney at PHELANLAW, has never met Timothy Barton ("Barton"), and had limited electronic interaction with Barton during the engagement. At all times it was represented to PHELANLAW by the Debtor that the Debtor had available sufficient funds to pay HNGH in full. The engagement of PHELANLAW by the Debtor terminated prior to completion of the trial between the Debtor and HNGH. PHELANLAW is owed $60,937.50 by the Debtor.

7. The Receiver Settled three causes of action against HGNH. Those were, (1) The ownership and rightful possession of the Property in question; (2) The amount due to HGNH

[2] See p. 8, paragraph 25 of the Motion to Approve Settlement Agreement attached as Exhibit A to the Motion for Final Decree.

under the loan documents; and (3) State law fraudulent transfer claims against HGNH. The first two claims obviously belong 2999TC. Fraudulent transfer claims could either belong to 2999TC or one of its affiliates, depending on the facts. The settlement between the Receiver and HGNH was for $2.5 million. The receiver says that the total payments to HGNH were $4.735 million and that the payments from affiliates of 2999TC were $3.95 million of that total. Consequently, according to the receiver 83% of the total payments came from affiliates. He admits, however, that all the payments were pursuant to court orders, and almost certainly aren't recoverable under applicable law. He also admits in his Motion to approve the settlement "After an extensive investigation, the Receiver has determined that there are significant, potentially impossible hurdles to unwinding the bankruptcy court's Agreed Orders".

8. Effectively, the Receiver conceded that the fraudulent transfer causes of action are probably worthless. Even if the payments by the affiliates were recoverable. only $3.95 million of the total came from the affiliates (83%) Which leaves 17% ($425,000) Of the total payments attributable to 2999TC. The receiver hasn't disclosed how those $3.95 million payments by the affiliates were booked. Were they loans by the affiliates to this debtor? That would make the affiliates creditors of 2999TC. Were they in payment of an obligation owed by the affiliate to 2999TC? That would mean that those payments would not be recoverable as fraudulent transfers, and 2999TC would be entitled to the entirety of the settlement funds. Were the payments part of a cash management system between 2999TC and the affiliates? At best, that would leave the affiliates as creditors of 2999TC debtor, entitled only to payment as an unsecured creditor in this Chapter 11 case.

9. It's clear that the transfers by the affiliates likely weren't recoverable as fraudulent transfers by the affiliates. But what about possible preferences? HNGH wasn't a creditor of the

affiliates, so it can't be a preference for them, just a potential preference for 2999 TC. In addition, HNGH was fully secured, which would eliminate recovery as a preferential transfer. Also, transfers aren't avoidable if HNGH is in good faith and the transfer is for value.

10. The Receiver's #1 argument, the ultimate ownership of the property, was a legitimate argument in June of 2022. The Receiver's #2 argument, how much was owed HNGH, was also subject to disagreement at the time of the transfers. The settlement agreement settled **ALL** of the causes of action, not just causes of action of the affiliates which the Receiver admits we're very likely not recoverable.

11. The entirety of the settlement funds belongs 2999TC since the Receiver admits that the transfers by the affiliates were pursuant to court orders and recovery was "potentially impossible". Even if we assume that the transfers by the affiliates were recoverable, that leaves $425,000 available from the settlement funds for 2999TC.

12. This case should not be closed until creditors of the Debtor are paid from the Settlement funds.

WHEREFORE, PREMISES CONSIDERED, PHELANLAW asks this Court to deny the Motion for Final Decree, determine the claims against this Debtor, and grant PHELANLAW such other and further relief as is just.

Dated: July 22, 2025

Respectfully submitted,

*/s/ Robin Phelan*

Robin Phelan
State Bar No. 15903000
PHELANLAW
4214 Woodfin Drive
Dallas, Texas 75220
Telephone: (214) 704-0222
robin@phelanlaw.org

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on July 21, 2025, a true and correct copy of the foregoing document was served via email pursuant to the Court's ECF system upon the parties receiving electronic notice in this case listed below.

Charlene C. Koonce
charlene@brownfoxlaw.com
C. Alan Carrillo
alan@brownfoxlaw.com

Katherine T. Hopkins
katherine.thomas@kellyhart.com

John J. Kane
jkane@krcl.com, ecf@krcl.com;jkane@ecf.courtdrive.com

Sherrel K. Knighton
Sherrel.Knighton@lgbs.com, Dora.Casiano-Perez@lgbs.com;Sean.French@lgbs.com;Dallas.Bankruptcy@lgbs.com

Steven C. Metzger
smetzger@pmklaw.com

Russell Hale Neilson
hneilson@parkinslee.com, hneilson@ecf.courtdrive.com

United States Trustee
ustpregion06.da.ecf@usdoj.gov

Kyle Woodard
kwoodard@krcl.com, KWoodard@ecf.courtdrive.com

*/s/ Robin Phelan*
Robin Phelan